Steven Wayne Bonilla
J-48500, 3, E4-13
San Quentin CA 94974

**FILED**

Aug 19 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

RECEIVED

JUL 24 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

United States District Court
Northern County of California

Steven Wayne Bonilla,          Case no  4:20-cv-5847 PJH

    Plaintiff,

         v                     Civic Rights Complaint

Napa Superior Court,                per 28 USC §1361

and John Doe 1-40,000          See Exhibit One

    Defendan                   - Expedited Review Requested

## Introduction

The Plaintiff, Steven Wayne Bonilla, is being denied his
Constitutional Right to life and liberty, in violation of the
14th Amendment. Because he remains falsely imprisoned
due to Judge of Napa County refusing/failing to perform h.
ministerial duty owed to the Plaintiff to declare the judgment void.

## Claim

-1-

a void order or judgment is subject to collateral attack
at any time and in any place. [148 Cal. App. 2d 845].

-2-

-1-

The court held in Nelson v Kleppe, [457 F. Supp. 5; 591 F.2d 1265] that the purpose of 28 USC § 1361 is to allow federal courts jurisdiction to issue writs when it appears that claim made is clear, and certain duty of officer is ministerial and so plainly prescribed as to be free from doubt. So is the case here, with the judges of Napa County   to perform their clear and certain ministerial duty to declare the judgment void, when presented with facts admitted by the prosecution that shows that the trial court lacks jurisdiction.

-3-

The court held in MacMillan v Griffin [99 Cal. App. 2d 523 n8], that if the parties admit, or stipulate, or fail to object to evidence of the facts showing a lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record; and whenever such fact is brought to the attention of the court it is the duty of the court to so declare as a matter of law.

-4-

All of the evidence in the case is the fruit of a federal grand jury subpoena, for the Plaintiff's phone records, for (408)446-3850; that was never entered on the court docket as an exhibit. Thus, pursuant to the Evidence Code, Rule 403, NONE of the proferred evidence is admissible.

-5-

The State attorney General admitted that the federal grand jury subpoena was never made part of the court record, (See Exhibit A). The FBI admitted, under a court order, that it never existed nor was it ever served, (See Exhibit B). These are facts showing a lack of jurisdiction, which makes the judgment void, and

-2-

proven by the record, their admission makes the claim clear and certain that Judge of Napa County          had a ministerial duty to declare the judgment void. F.R. Civ. P. 12 (h)(3).

-6-

Wherefore, this Honorable Court is required, in the nature of a mandamus, to compel the judges of Napa County to perform their ministerial duty owed to the Plaintiff to declare the judgment void.

### Required Relief Per 28 USC § 1361

-7-

Pursuant to the Court's holdings in Nguyen v. U.S. Catholic Conference, 584 F. Supp. 1333, affirmed in 719 F. 2d 52, the court has jurisdiction to issue an order of mandamus to compel

to perform h   ministerial duty owed to the Plaintiff to declare the Alameda County Superior Court judgment in Case No. H-12210-A, null and void.

### Verification

I declare under penalty of perjury that the foregoing is true and correct, including exhibits, pursuant to 28 USC § 1746.

Dated: April 1, 2020

Respectfully Submitted
Steven Wayne Bonilla

-3-

## Addendum

A judge may not rule on a case without first determining that he has jurisdiction of subject matter and of person, He has an obligation to satisfy himself, not only of his jurisdiction, but also that of the court in a cause under review. And if, as here the record of the reviewing court was without jurisdiction the proper course is to dismiss on that ground. [523 US 83, 549 US 422], without jurisdiction the judge cannot proceed at all in any cause. Such judgment or order is void on its face. [35, Cal 4th 180, 67 F.R.D. 22, 25; 829 F.3d 1161]. 18 USC § 242 makes it a federal crime for a judge to willfully deprive someone of their Constitutional or Statutory Rights; 18 USC § 241 makes it a federal crime for a judge to conspire with the review court to do the same.

Verification - I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC § 1746 on 7-21-20

Respectfully Submitted

Steve Wayne Bonilla

1   Steven Wayne Bonilla / Petitioner

2   J-48500.3-E4-13, San Quentin CA 94974

3

4                    Superior Court of California

5                        County of Napa

6

7   Steven Wayne Bonilla,              Case No.

8      Plaintiff,                      A Vexatious Litigant Ruling Does Not

9            v                         Preclude a Jurisdictional Challenge

10  Superior Court of Napa County John Doe    Nor Does It Grant Any Immunity,
                                1-40000
11     Defendant                  - Expedited Review Requested

12

13      A vexatious litigant rule, (C.C.P391), does not preclude a party from

14  raising the jurisdictional question, AT ANY TIME AND IN ANY PLACE,

15  [148 Cal. App. 2d 845], by any form of laches, waiver or estoppel [116 F.2d 449, 453;

16  67 F.R.D. 22, 25], A judgment that is void, forms NO BAR to a recovery

17  sought, even prior to a reversal, in opposition to them, they constitute

18  NO JURISDICTION, AND ALL PERSONS CONCERNED IN EXECUTING SUCH JUDGMENTS,

19  OR SENTENCES, ARE CONSIDERED IN LAW AS TRESPASSERS ON THE CASE [74 US 485].

20      Refusing to file a CHALLENGE attacking the jurisdiction is the unlawful

21  interference with one's guaranteed Constitutional Rights. Such an

22  unlawful act is considered aiding and abetting in the conspiracy

23  to deprive the Plaintiff of his guaranteed Constitutional Rights.

24                           Verification

25      I declare under penalty of perjury that the foregoing is true and

26  correct, pursuant to 28 USC §1746 on July 21, 2020.

27                                Respectfully Submitted

28                                Steven Wayne Bonilla

Steven Wayne Bonilla / Petitioner
J-48500, 3-EY-13, San Quentin CA 94974

Superior Court of California
County of Napa

Steven Wayne Bonilla,           Case No. Addendum
   Plaintiff,                   A Case Cannot be Closed from filing a
                                Petition Attacking the Court's Jurisdiction
                                When the FBI Admits to NO SUBPOENA.
   Defendants                   — Expedited Review Requested —

   A party cannot be precluded from raising the jurisdictional
question, AT ANY TIME AND IN ANY PLACE [198 Cal. App. 2d 845], by any
form of laches, waiver or estoppel. [146 F. 2d 449; 67 F.R.D. 22]. A judgment
that is void, forms NO BAR to a recovery sought, even prior to a
reversal, in opposition to them; they constitute NO JURISDICTION, AND
ALL PERSONS CONCERNED IN EXECUTING SUCH JUDGMENTS OR
SENTENCES, ARE CONSIDERED IN LAW AS TRESPASSERS ON THE CASE.
[490 S 495]. Not filing a CHALLENGE attacking the jurisdiction is the
unlawful interference with one's guaranteed Constitutional Rights.
Such an unlawful act is considered aiding and abetting in the
conspiracy to deprive the Plaintiff of his Constitutional Rights.
                        Verification
   I declare, under penalty of perjury that the foregoing is true
and correct pursuant to 28 USC §1746 on July 21, 2020.
                        Respectfully Submitted
                        Steven Wayne Bonilla

Steven Wayne Bonilla

J-48500, 3-EY-13

San Quentin CA 94974

   Petitioner

Superior Court of California

   County of Napa

| | |
|---|---|
| Steven Wayne Bonilla, | Case No. Addendum |
| Plaintiff, | Challenging Court Judgments |
| vs | And Vexatious Litigant Claim |
| All Judges of the Superior | Pursuant to Case Law, |
| Court of the County of | [148 Cal. App. 2d 845], AT ANY |
| Napa & John Doe 1st 46,000 | TIME AND IN ANY PLACE. |
| Defendant/Respondent | — Expedited Action Required — |

Introduction

Pursuant to Court Case Law, [435 US 349; 552 F.2d 172], where there is clearly no jurisdiction, as here, over the subject matter any authority exercised, (or to decline the exercise of jurisdiction given, to reverse the court, under review, void acts, [19 US 264; 35 Cal. 4th 180], is a usurped authority, and when judges act without jurisdiction they forfeit their judicial immunity for failure to comply with the due process requirements. And if, as here, their acts were part of a conspiracy to violate the

—1—

1  Plaintiff's civil rights, and deprive him of his rights
2  secured by the United States Constitution and its
3  federal laws, the judges are properly held respon-
4  sible for the consequences. [633 F.2d 844]. Judges
5  who act maliciously or corruptly without jurisdiction
6  or refuse to do their statutory duty, are monatarially
7  liable, like any other person violating someones
8  civil rights under the equal protection of the Laws.
9      It is beyond belief to believe that judges think
10 that they do not need jurisdiction of subject
11 matter and of person for themselves, and the court
12 whose issue is under review, for them to rule
13 from the bench. And it is not believable that
14 judges do not understand that a void order or
15 judgment can be collaterally attacked AT ANY TIME
16 AND IN ANY PLACE. [148 Cal. App. 2d 845]. How can any
17 time and in any place be misunderstood, unless
18 you are deliberately and intentionally trying to deny
19 Plaintiff his civil rights guaranteed by the Constitution.
20     How can judges not know that raising the
21 jurisdictional question is not a habeas corpus
22 petition, when it is so clearly stated in the Black's
23 Law Dictionary, that a habeas corpus is not the
24 appropriate proceeding for an appeal-like review
25 of a judgment rendered without jurisdiction?
26     How can any judge reside over any litigation when
27 he does not comport to the rules of litigation. That
28 a denial must fairly respond to the substance of the

1  allegation or it is considered, as a matter of law, to
2  be an admission. Thus, when the allegation being
3  made, in an attack on the court's lack of
4  jurisdiction; because the federal grand jury
5  subpoena, from which all of the evidence in the
6  case is the fruit thereof, was never entered on
7  the court docket as an exhibit, thus, none of the
8  proffered evidence is admissible, pursuant to
9  Rule 403 of the Evidence Code, that the subpoena
10 was NEVER SERVED NOR DID IT EVER EXIST, the
11 proper response is to show that the subpoena
12 was entered on the court docket or failure to do so
13 is an admission that the court lacks jurisdiction
14 of subject matter and of person.
15     How can a judge IGNORE the fact that the FBI
16 admitted, under a federal court order, in case no.
17 C-02-0636 MHP, that the subpoena NEVER EXISTED
18 NOR WAS IT EVER SERVED? When the law mandates
19 that it is the judges duty to declare the trial
20 court's judgment void, [99 Cal. app 2d 523], and he
21 simply IGNORES his statutory duty. It might be under-
22 standable that one or two bias judges would
23 IGNORE their ministerial, statutory duty, but when
24 over a hundred judges do it, as here in the Plaintiff's
25 case, there is no disputing that there is a conspiracy
26 to deny the Plaintiff of his civil rights secured by
27 the Constitution and its laws.
28     18 U.S.C. §242 makes it a federal crime for a

Government official to willfully deprive someone of a constitutional or statutory right; 18 USC § 241 makes it a federal crime for Government official to conspire to accomplish the same. Obviously the law is meaningless when judges are allowed to deprive the Plaintiff of his constitutional or statutory rights.

The reason for the Plaintiff claiming all judges as defendants is because his petitions have only been presented to bias judges or that he is being barred by court clerks under the fraudulent claim that he is a vexatious litigant. Thus, he is being denied his right to petition the government for a redress of his grievance before a fair and impartial judge, who properly administers and follows the law as required by due process proceedings. Because the clerks are barring the Plaintiff's petition, by naming all judges as defendants, is the Plaintiff trying to find a fair minded judge who is not part of the conspiracy to deprive him of his secured constitutional rights.

Claim I

Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the party [154 Cal. App. 4th 40]. The adequacy of the court's subject matter must be addressed whenever that issue comes to the court's attention. A court cannot exercise jurisdiction

in any instance until after it has acquired it. [92 Cal. 47, 52].

## Claim II

A judge may not rule on a case without first determining he has jurisdiction of subject matter and of person. He not only has to have his own jurisdiction but also that of the court in a cause under review, (Alameda County Superior Court, Case No. H-12210-A), [523 US 83].

## Claim III

Where there is clearly, as here, no jurisdiction over the subject matter, when the only source of information is the fruit of a federal grand jury subpoena that NEVER EXISTED NOR WAS IT EVER SERVED, any authority exercised was usurped authority. The commission of usurped authority affords the judge NO PROTECTION because of his failure to comply with the elementary principles of procedural due process; and he forfeits his immunity for failure to comply with due process requirements [435 US 349; 552 F.2d 172; 80 US 335, 349].

## Claim IV

A judge is under a duty to examine the basis for jurisdiction AT ANY AND ALL TIMES, [404 F.Supp 664]. And if, AS HERE, the FBI admits to the federal grand jury subpoena was NEVER SERVED NOR DID IT EVER EXIST, a fact showing a lack of jurisdiction, as well as fraud committed upon the court, when brought to the attention of the court, as I have done numerous

times, it is the duty of the court/judge to declare the
Alameda County Superior Court judgment void in Case No.
H-12210-A, as a matter of law pursuant to the court's
holdings in Case Law [ 99 Cal. App. 2d 523 headnote 8 ].

## Vexatious Litigant

## Claim V

The jurisdiction of any court exercising authority
over a subject (the Plaintiff, in this case), claiming him
to be a vexatious litigant, may be inquired into in
every other court refusing to file his petition under
the Vexatious litigant ruling. When the proceedings
in the former court is relied upon and brought before
a reviewing court claiming the benefit in such
proceedings to not hear or to file the jurisdictional
question raised in the petition; when the vexatious
litigant ruling is void, for lack of jurisdiction in all
previous cases, as a matter of law, held in Case No.
[148 Cal. App. 2d 845 ], a void order or ruling may be
ATTACKED AT ANY TIME AND IN ANY PLACE. The Challenge
SUPERSEDES THE BARRING OF A VEXATIOUS LITIGANT; other-
wise a void ruling or order could not be attacked.[49US485].

## Claim VI

The principle that a vexatious litigant order cannot
be impeached by pleading is not applicable when
there is a want of jurisdiction. The want of it makes
the vexatious litigant claim utterly void and
unavailable for any purpose. The want of jurisdiction
is a matter that may always be set up against a

vexatious litigant claim when it is to be enforced, or when any benefit is claimed under it [49 US 495]

### Claim VII

The operation of every vexatious litigant claim depends upon the jurisdiction of the court that rendered it. Whenever a vexatious litigant claim is used in another court, so as not to file a petition challenging the prior courts' lack of jurisdiction, the jurisdiction of the former court may be inquired into. The rule is that where a limited tribunal (like Alameda County Superior Court), takes upon itself to exercise a jurisdiction which does not belong to it, its decision amounts to nothing, and does not create a necessity for an appeal. [49 US 495].

### Conclusion

The failure of the court and so many judges, to perform their ministerial/statutory duty proves that there is a conspiracy among state and federal officials to deprive the Plaintiff of his his rights secured by both state and federal constitution or federal laws.

The judges lost their judicial immunity by participating in a conspiracy to violate the Plaintiff's civil rights through nonjudicial agreement for their judicial acts or lack thereof, in the clear and complete absence of jurisdiction. [633 F.2d 844].

The judges/courts are liable for acts committed to the damages of a Plaintiff where they have no jurisdiction at all in the particular case, as here,

-7-

pursuant to the case holdings in [217 Miss. 576].

All parties concerned in executing the Alameda County's void judgment in Case No. H-12210-A, where Alameda County has taken upon itself to exercise a jurisdiction which does belong to it and cannot admit that the federal subpoena was never entered on the court docket, as an exhibit, are considered in law as trespassers in the case / as aiders and abettors in the conspiracy to murder the the Plaintiff under the color of law and authority, pursuant to [18 905 495]

In the absence of jurisdiction, judges are not entitled to judicial immunity for damages that resulted from their actions. [588 F. 2d 172]. Actions which are part of a legal enterprise which all of the defendants are a part of, and are held responsible for the criminal enterprise that it has become in denying an innocent Plaintiff of all charges of his civil rights. Without jurisdiction, judges are just another person committing a crime for their own financial gain and benefits.

Relief Sought

The Plaintiff is simply trying to collect what he is owed. He has proven by the record that the court lacked jurisdiction; and by the FBI's admission, that fraud was committed upon the court. He is owed by the court a reversal of his conviction.

Verification

I declare under penalty of perjury that the foregoing is true and correct.
Dated: July 13, 2020

Respectfully Submitted
Steven Wayne Bonilla

-8-

Steven Wayne Bonilla / Petitioner

J-48500, 3-EY-13, San Quentin CA 94974

Steven Wayne Bonilla,                    Case No.   Addendum

Plaintiff,

vs                       Attacking and Challenging the

Vexatious Litigant claim

—Expedited Review Requested—

## Introduction

The Court has falsely and erroneously claimed that the Plaintiff, Steven Wayne Bonilla, to be a vexatious litigant to ignore being attacked for lack of jurisdiction of subject matter and of person.

## Claim I

The Court held in Williamson v Berry, [49 US 495], that the jurisdiction of any court exercising authority over a subject may be inquired into in every other court, when the proceedings in the former are relied upon and brought before the later by a party claiming the benefit of such proceeding. The principle that a record cannot be impeached by

1  pleading is not applicable when there is a want of jurisdiction.
2  The want of jurisdiction is a matter that may be set up
3  against a judgment when it is to be enforced or when
4  any benefit is claimed under it.
5     The operation of every judgment depends upon the
6  jurisdiction of the court to render it and whenever the
7  right to property / a person's life, is claimed to have been
8  changed under judgment or decree by a court, and it is set
9  up as a defense in another court, such as a defense
10  claiming the Plaintiff to be a vexatious litigant, the jurisdiction
11  of the former court may be inquired into.
12     The rule is that where a limited tribunal takes upon
13  itself to exercise a jurisdiction which does not belong to
14  it, its decision AMOUNTS TO NOTHING, AND DOES NOT CREATE
15  A NECESSITY FOR AN APPEAL.
16                              Claim II
17     The federal grand jury subpoena for the Plaintiff's phone records,
18  for (408) 446-3850), from which all of the evidence in the case is the
19  fruit, thereof, was never entered on the court docket as an
20  exhibit. Thus, pursuant to Rule 403 of the Evidence Code,
21  NONE of the proffered evidence of the subpoena is
22  admissible, leaving there to be no subject matter.
23                              Claim III
24     The FBI admitted, under a federal court order, (C-02-0636 MHP), that
25  the federal grand jury SUBPOENA WAS NEVER SERVED NOR DID IT
26  EVER EXIST. An admitted fact that shows that the prosecution
27  committed fraud upon the court, for the trial court to
28  acquire jurisdiction of subject matter and of person, whereby,

this fact showing a lack of jurisdiction being brought to the attention of the court/judge, it became the duty of the court to declare the Alameda County Superior Court judgment void, in Case No. H-12210-A, as mandated by Law and the Court's holdings in [99 Cal. App. 2d 523 n 8].

## Claim IV

The Alameda County Superior Court, in collusion with the prosecution, in Case No. H-12210-A, took upon itself to exercise a jurisdiction which did not belong to it; when it issued an arrest warrant for the Plaintiff and proceeded to rendered a judgment against him. Wherefore, it's decisions AMOUNTS TO NOTHING AND DOES NOT CREATE A NECESSITY FOR AN APPEAL.

After taking on a jurisdiction which did not belong to them, the trial Court judges refused/failed to answer/respond to the jurisdictional question presented to them repeatedly, in collusion with the conspiracy to murder the Plaintiff under the Color of Law and Authority, WHO IS INNOCENT OF ALL CHARGES.

## Conclusion

The defense/the Court, cannot claim the Plaintiff to be a vexatious litigant, when all previous cases lack jurisdiction of subject matter and of person, with there being NO SUBPOENA.

## Relief Sought

To declare the Alameda County judgment void for lack of subject matter jurisdiction and for fraud committed upon the court, (NO SUBPOENA).

## Verification

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 27, 2020                    Respectfully Submitted

                                        Steven Wayne Bonilla

- 3 -

1 | Steven Wayne Bonilla, /Petitioner
2 | J-48500, 3-EY-13, San Quentin CA 94974
3 |
4 |
5 |
6 |
7 | Steven Wayne Bonilla,            Case No. Addendum
8 | Plaintiff,                       Challenging the Court's jurisdiction
9 | vs                               is challenging every order and judgment
10 |                                 from the first wrong committed,
11 |                                 including the Vexatious Litigant Order.
12 |                                 —Expedited Review Requested—
13 |
14 |                          Introduction
15 | The requirement that jurisdiction be established as a threshold
16 | matter springs from the nature and limits of the judicial power of
17 | the United States and is inflexible and without exception. [523 US 83].
18 |                          Claim I
19 | A court may not rule on the merits of a case, without first
20 | determining that it has jurisdiction over the subject matter and of
21 | person. [549 US 422]. The court has to not ONLY have its own
22 | jurisdiction of subject matter and of person but also that of the
23 | court in a cause under review. [523 US 83]. Without jurisdiction
24 | the court cannot proceed at all in any cause, including one
25 | of vexatious litigant. [824 F.3d 1116]. If any reviewing court readily
26 | determines that the court in a cause under review lacked juris-
27 | diction, then it also lacked jurisdiction, and the proper course
28 | is to dismiss the trial court judgment on ground that it lacked

-1-

jurisdiction to render a judgment. [549 US 422].

## Claim II

The court had a duty to declare the Alameda County Superior Court judgment void in Case No. H-12210-A, for lack of jurisdiction, when the FBI admitted that the subpoena was NEVER SERVED. [99 Cal. App. 2d 523 n 8]. The court had no more right to decline the exercise of jurisdiction which was given to declare the judgment void [35 Cal. 4th 180], than to usurp that which was not given. The one or the other was treason to the Constitution. Such acts are considered by law, to be at war with the Constitution and sovereignty of the United States of America, [19 US 264].

## Claim III

Any judgment or order rendered by a court lacking subject matter jurisdiction is void on its face, including the vexatious litigant order [35 Cal. 4th 180]. The federal grand jury subpoena was never entered on the court docket as an exhibit, thus, no court can claim to have jurisdiction. It is well settled that a judge is liable for acts committed to the damages of a plaintiff where the judge has no jurisdiction at all in the particular case, as here [217 Miss. 576]. And if, as here, the judge's acts were part of a conspiracy the judge is properly held responsible for the consequences, [633 F. 3d 844].

## Relief Sought

The first court that declares the Alameda County judgment void, has judicial immunity. Everyone else is liable for the damages caused by the conspiracy to which they acquiesced to.

## Verification

I declare under penalty of perjury that the foregoing is true and correct [28 USC § 1746]

Dated: July 31, 2020                    Respectfully Submitted

Steve Wayne Bonilla

1  Steven Wayne Bonilla
2  J-48500, 3-EY-13
3  San Quentin CA 94974
4  Petitioner
5
6
7
8
9
10

11  Steven Wayne Bonilla,          Case No. Addendum
12  Plaintiff,
13        vs.                      The Vexatious Litigant Order
14  The Alameda County             is without merit. The Court
15  District Attorney's Office      has a duty to enforce the
16  Civil Conspiracy and its       Contract for damages
17  members, John Doe 1-40,000,
18  Defendants.                    -Expedited Review Requested-
19
20
21              Introduction
22  The court held in Carter v Carter, [148 Cal. App. 2d 845], that
23  a void order or judgment is subject to a collateral attack
24  AT ANY TIME AND IN ANY PLACE. Thus, the order declaring
25  the Plaintiff a vexatious litigant can be collaterally
26  attacked "AT ANY TIME AND IN ANY PLACE.
27              Claim I
28  The Plaintiff cannot be declared a vexatious litigant just

-1-

1. because he chose to exercise his right to negociate a
2. direct settlement for damages with the defendants by
3. offering them an issue resolution package. To which their
4. signature on the receipt of the issue resolution package,
5. as shown in Exhibit A, was not a mere acknowledgment
6. of the receipt of the package but constituted an accep-
7. tance, as a matter of law, of the issue resolution package
8. if they failed to respond within 30 days of record. [42
9. Cal.443]. Which made the issue resolution package become
10. a contractual Settlement agreement between the parties.
11.   Wherefore, the court has a duty within the meaning of
12. the Constitutional requirements of the equal protection
13. of the laws, to enforce the contract by rendering a
14. judgment in favor of the Plaintiff against all of the
15. participants involved in the conspiracy for the
16. amount to be calculated for the injuries that were acquiesced
17. to in the issue resolution package. (See Exhibit B).
18. Claim II
19.   The court held in Circuit City v Najd, [294 F.3d 1104], that
20. where circumstances or previous course of dealing between
21. the parties places the offeree under a duty to act or be
22. bound, his silence or inactivity will constitute his assent.
23. The members of the conspiracy have assented to the terms
24. of the resolution package by their signature on the
25. receipt, as shown in Exhibit A.
26.   The court further held in Sorg v Weiz [14 Cal.App. 2d 78]
27. that silence, when offer is made or failure to reject it,
28. as acceptance which will constitute a bilateral contract.

Note 77 ALR, 1141. See also Cal. Jur. 2d Contracts, §23; Am Jur. 2d Contracts, §47.

## Claim III

The previous course of dealing involved the conspiracy charging the Plaintiff with the crime of premeditated murder, based on the proferred evidence of a federal grand jury subpoena for the Plaintiff's phone records for (408-496-3850. Which the FBI, admitted, under a federal court order, (C-02-0636 MHP) NEVER EXISTED NOR WAS IT EVER SERVED. Thus, proving absolutely, that the conspiracy committed fraud upon the court to frame the Plaintiff for a crime that he did not commit and is innocent of all charges, Which in teern has rendered all those aiding and involved in the conspiracy civilly liable for the injuries resulting from the conspiracy to fraudulently convict the Plaintiff.

## Claim IV

Because every one who enters into the common design of the conspiracy is in law a party to ever act previously or subsequently done by any of the others in pursuance of it, the issue resolution package offered to the conspiracy, included the term, that notice to the principal was notice to the agents, and notice to the agent was notice to the principals. Wherefore, it was the obligation of those served with the issue resolution package / the Contractual Settlement Agreement, to inform the other members of the conspiracy to the agreed upon resolution for damages stated in Exhibit B. Wherefore, they were given the opportunity to participate in the agreement.

## Claim V

In tort, the major significance of the conspiracy lies in the fact that it rendered each participant in the wrongful act responsible as a joint tortfeasor for the damages ensuing from the wrong, irrespective of whether they were direct actors and regardless of the degree of their activity. [53 Cal. 2d 643]. Thus, each defendant is liable for the damages agreed to in Exhibit B.

### Relief Sought

(1). The Plaintiff cannot be a vexatious litigant when the parties have agreed to a resolution for the damages caused by the conspiracy to fraudulently convict him.

(2). To reverse the vexatious litigant order for being void.

(3). For the court to render a judgment against the conspiracy and its members in favor of the Plaintiff for the amount of damages acquiesced to in Exhibit B, to be calculated.

(4). John Doe conspiracy members to be named forthwith in future proceedings for their part in aiding in the Conspiracy.

### Verification

I declare under penalty of perjury that the foregoing is true and correct, including the exhibits, pursuant to 28 USC § 1746

Dated: July 13, 2020

Respectfully Submitted

Steven Wayne Bonilla

1 Steven Wayne Bonilla / Petitioner
2 J-48500, 3-EY-13, San Quentin CA 94974
3
4 Superior Court of California
5 County of
6
7 Re: to the matter of        Case No.   Addendum
8 Steven Wayne Bonilla .        - Expedited Review Requested -
9
10 The Plaintiff cannot be a vexatious litigant when the defendants
11 have agreed to a resolution for the damages caused by the
12 conspiracy to fraudulently convict me. Which is proven with
13 their signature, as shown in Exhibit A, on the receipt of the
14 issue resolution package. It was not merely an acknowledgment
15 of the receipt of the package but constituted an acceptance of the terms
16 of the resolution package when they did not respond within 30
17 days of receipt, [42 Cal.443], making it a Contractual Settlement agreement.
18 The Court has a duty to enforce the contract with a judgment in
19 favor of the Plaintiff against the conspiracy members in the
20 amount to be calculated from Exhibit B. The contract also contains
21 an admission that my conviction was obtained by fraud. Which
22 calls for the conviction to be reversed, as part of enforcing the contract, or
23 the court, judge, clerks become participants in aiding in the conspiracy
24 Verification
25 I declare under penalty of perjury, that the foregoing is true and
26 correct, including the exhibits, pursuant to 28 USC §1746,
27 Dated: July 9, 2020           Respectfully Submitted
28                              Steven Wayne Bonilla

1 | Steven Wayne Bonilla
2 | J-48500 3-EY-13
3 | San Quentin, CA 94974
4 | Petitioner
5 |
6 |
7 |
8 |
9 |
10 |
11 | Steven Wayne Bonilla,          Case No. Addendum
12 | Plaintiff,
13 | vs                              Naming Some of the John Does
14 | Conspiracy, et al,             who Aided in the Conspiracy and
15 | Defendants                     their part in doing so.
16 |                                — Expedited Review Requested —
17 |
18 |                              Introduction
19 | In a conspiracy the agreement may be inferred from acts and
20 | conduct of the defendants in mutually carring out a common
21 | purpose in violation of a statute, [116 Cal App 2d 332; 77 Cal App.
22 | 2d 350; 192 Cal App. 2d 648] like declaring a judgment void for want
23 | of jurisdiction. By the defendants having violated the statute,
24 | in an attempt to obstruct justice, in the furtherance of
25 | the common goal of the conspiracy, it has made all of them
26 | members/coconspirators of the conspiracy by violating
27 | the statute to deprive the Plaintiff of his Constitutional
28 | Rights under the Color of Law and authority.

- 1 -

A conspirator is vicariously liable for the unintended acts by coconspirators if such acts are in the furtherance of the object of the conspiracy or are reasonable and natural consequence of the object of the conspiracy. [5 Cal. Rptr. 2d 796].

Conspirators are criminally liable for acts of conspirators which follow as probable and natural consequence of the common design, even where those acts were not intended as part of the original design or common plan. [13 Cal. App. 4th 12].

The acts of one conspirator are chargeable against all pursuant to Case Law, [179 Cal. App. 2d 72].

Claim I

The conspiracy committed fraud upon the court by fraudulently claiming that the FBI had obtained probable cause pursuant to having served Pacific Bell Telephone company with a federal grand jury subpoena for the Plaintiff's telephone records, for (408) 446-3850, as stated on page 36 of the arrest warrant affidavit, which they KNEW was NEVER SERVED NOR DID IT EVER EXIST, as admitted to by the FBI, under a federal court order, (C-02-0636 MHP). Which absolutely proves that there was a conspiracy to deprive the Plaintiff of his constitutional Rights and Statutes under the Color of Law and Authority.

Claim II

The court held in Keystone v General [390 US 240], that the equitable powers of the court can never be exerted on behalf of one who has acted FRAUDULENTLY OR BY DECEIT OR ANY UNFAIR MEANS GAINED AN ADVANTAGE. To aid a party, in such a case would, (and did), made the court/judge/clerk, the ABETTORS OF INIQUITY. Wherefore, as a matter of law, the defendants have exerted the power of the court

- 2 -

1  to abet the conspiracy in their fraudulent acts and deceit upon
2  the court to gain an unfair advantage over the Plaintiff to falsely
3  convict him of a crime that he never committed and is innocent of
4  all charges.

Claim III – DUTY

6  (1). A judge may not rule on merits of a case without first
7  determining that he not only has his own jurisdiction of subject
8  matter and of person, but also that of the trial court in a cause
9  under review. Without jurisdiction the court cannot
10 proceed in any cause. And when the trial court, under review,
11 lacks jurisdiction (as here), the proper course is to dismiss
12 the conviction on that ground [523 US 83; 549 US 422; 824 F.3d
13 1161], and not claim him to be a vexatious litigant or to
14 transfer the case to a court that never acquired jurisdiction.
15 (2). Without the federal grand jury subpoena never being
16 entered on the court docket as an exhibit the proper
17 course of action is to dismiss the Alameda County Superior
18 Court judgment in Case No. H-1210-A, for want of jurisdiction.
19 (3). Pursuant to Case Laity [99 Cal. App. 2d 523], it was the
20 duty of the court/judge to declare the judgment void when
21 presented with the FBI's admission that the federal grand jury
22 subpoena NEVER EXISTED NOR WAS IT EVER SERVED, a fact
23 that shows on the record a lack of jurisdiction.
24 (4). A judge of the court is under a duty to examine the basis
25 for jurisdiction at any and all times during the pendency of the
26 litigation. [209 F. 2d 427; 404 F. Supp. 664, 665]. There is no
27 discretion to IGNORE lack of jurisdiction. [474 F. 2d 215, 219]
28 (5). The Reviewing Court's/Judge's jurisdiction was LIMITED to

reversing the Alameda County judgment in Case No. H-12210-A [35 Cal.4th 180]. The judge has no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other is treason to the constitution. [19 US 264], and being at war with the sovereignty of the United States.

Claim IV

Extrinsic fraud, mistake, or a judgment void on its face of the record are the ONLY CASES where an independent collateral attack may be made ANYWHERE, AT ANY TIME AND IN ANY PLACE in an independent, separate action. [85 Cal. App. 2d 476; 31 Cal. 342; 148 Cal. App. 2d 845; 246 Cal. 2d 334; 14 Cal. 85; 62 Cal App. 753; 95 F. Supp. 962]. Once the court's jurisdiction has been CHALLENGED, it must be proven on the record to exist. [100 S. Ct. 2502]. The court/judge cannot proceed until jurisdiction is proven to exist. [67 F.R.D. 22, 25; 33 Cal. 505].

Claim V

If it appears, (as here), by the record or otherwise that the court never had jurisdiction the judgment will be pronounced a nullity, whether it comes directly, or collaterally, in question, and this is so whether the court be of inferior or superior jurisdiction. [27 Cal. 300]. With the federal grand jury subpoena never having been admitted on the trial court docket as an exhibit, it is IMPOSSIBLE for any court/judge to have acquired jurisdiction of subject matter and of person. But all had a duty to pronounce the trial court's judgment a nullity. Which they have all failed to do, their ministerial, statutory duty.

Claim VI

- 4 -

A person cannot be precluded, nor barred or estoppeled, for any reason, from raising the jurisdictional question. [116 F. 2d 449, 453; 49 US 495; 67 F. R. D. 22, 25, 404 F. Supp. 664, 665]. The law cannot be made any more cleares. A court/judge cannot exercise jurisdiction in any instance until after it has acquired it, and it can acquire it ONLY in the mode prescribed by statute, [92 Cal. 47, 52; 217 Cal. App. 3d 247, 255]. Which would require that the federal grand jury subpoena to have been entered on the trial court docket as an exhibit.

Which is also why the Plaintiff cannot be estoppeled for any reason from raising the jurisdictional question, because the court/judge/clerk has no authority, nor jurisdiction, to preclude the Plaintiff from raising the jurisdiction. No court rules, nor law, can be applied by a court/judge/clerk, until after they have proven, on the record, that they had acquired jurisdiction. Which can not be proven to exist, because the federal grand jury subpoena NEVER EXISTED. Therefore, the court/judge/clerk has deprived the Plaintiff of his Constitutional and Statutory Rights guaranteed by the Constitution by precluding, barring, or not filing the petition CHALLENGING the trial court's want of jurisdiction.

## Claim VII

18 USC § 242 makes it a federal crime for a Government official to willfully deprive someone of a constitutional or statutory right; 18 USC § 241 makes it a federal crime for a Government official to conspire to accomplish the same.

## FACTS

(1). The federal grand jury subpoena NEVER EXISTED

(2). It was never entered on the trial court docket as an exhibit; thus, no subject matter jurisdiction.

(3). Pursuant to Rule 403 of the Evidence Code, NONE of the proferred evidence of the subpoena is admissible.

(4). Without subject matter, the court lacks jurisdiction of subject matter and of person to render the conviction.

(5). The court/judge had a duty to declare the trial court void when it was brought to their attention that the FBI admitted that the subpoena was never served.

(6). The court clerk had a duty to issue an order, to show cause and to file any and all petitions CHALLENGING the court's void orders or judgment.

(7). The court/judge and the court clerks have deprived the Plaintiff of his constitutional rights in violation of 18 USC 242.

(8) Claiming to the court that the subpoena had been served, when they knew it NEVER EXISTED, proves that there is a conspiracy.

(9). Therefore, the court, judge and clerks aided in the conspiracy to deprive the Plaintiff of his rights under the color of law, 18 USC § 241.

## Relief Sought

For reasons, stated above, a number of the John Does have been identified who aided in the conspiracy by having committed criminal acts, in the furtherance of the conspiracy's common design, are listed in Exhibit B, as now named defendants, liable for damages acquiesced to by the conspiracy.

## Verification

I declare under penalty of perjury that the foregoing is true and correct [28 USC § 1746].

7-24-20

Respectfully Submitted

Steven Wayne Bonilla

-- 6 --

*EXHIBIT A*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: State of California Attorney General Kamala Harris, Dan Lockyear, Bruce Ortega, Rei R. Onishi, Kathleen Boergers, Office of Attorney General 455 Golden Gate Ave, Ste. 11000 San Francisco, CA 94102-7004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Deanna (Johnson)  1/28/12

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  7011 1570 0000 4010 1350

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to: State of California Attorney General Kamala Harris, Dan Lockyear, Bruce Ortega, Rei R. Onishi, Kathleen Boergers, Office of Attorney General et al 455 Golden Gate ave, Ste. 11000 San Francisco CA 94102-7004

4a. Article Number
7011 1570 0000 4010 1343

4b. Service Type
☐ Registered  ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery  1/22/13

5. Received By: (Print Name)  Deanna Johnson

6. Signature: (Addressee or Agent)
X Deanna Johnson

8. Addressee's Address (Only if requested and fee is paid)

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Service.

PS Form 3811, December 1994          102595-97-B-0179          Domestic Return Receipt

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to: State of California Attorney General, et. al. 455 Golden Gate Avenue Suite 11000 San Francisco, CA 94102-7004

4a. Article Number
7011 1570 0000 4017 6978

4b. Service Type
☐ Registered  ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery  7/1/13

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Service.

PS Form 3811, December 1994          102595-97-B-0179          Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JAMES BRYAN FUQUA
1625 THE ALAMEDA, Ste. 260
SAN JOSE, CA 95126

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Vicki R Nel_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   Vicki Nelson   C. Date of Delivery   12/26/12

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 1570 0000 4010 1305

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Alameda County District
attorney   et, al.,
1225 Fallon Street #900
Oakland, CA 94612
7011 1570 0000 4017 6990

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Teresa Wright_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery   1/11/13

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 1570 0000 4017 6990

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER:**

- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: attorney General of the U.S.,
U.S, attorney's office,
FBI, et al.,
P.O. Box 36055
San Francisco, CA 94102

4a. Article Number   7011 1570 0000 4017 6952

4b. Service Type
   ☐ Registered   ☒ Certified
   ☐ Express Mail   ☐ Insured
   ☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery   6-17-13

5. Received By: (Print Name)   THE BOSS

6. Signature: (Addressee or Agent)
   X _Wae Jenn_

8. Addressee's Address (Only if requested and fee is paid)

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

PS Form 3811, December 1994   102595-97-B-0179   Domestic Return Receipt

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: *JAMES LOPEY*
*WASHOE COUNTY DISTRICT* — *SHERIFF'S OFFICE,*
*ATTONEY, ET. AL.*
*P.O. BOX 11130*
*RENO, NV 89520 - 0083*

4a. Article Number   7011 1570 0000 4017 7034

4b. Service Type
☐ Registered   ☑ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

6. Signature: *(Addressee or Agent)*
X   APRIL DULONG

8. Addressee's Address *(Only if requested and fee is paid)*

PS Form 3811, December 1994   102595-97-B-0179   Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return receipt Service.

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: *California Department of Correction & Rehabilitation,*
*Dr. Jeffrey Beard Secretary et al*
*1515 South Street #502-S*
*Sacramento, CA 95811*

4a. Article Number   7011 1570 0000 4017 7041

4b. Service Type
☐ Registered   ☑ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery   JUL 03 2013

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address *(Only if requested and fee is paid)*
CALIFORNIA DEPT OF
CORRECTIONS & REHABILITATION

PS Form 3811, December 1994   102595-97-B-0179   Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return receipt Service.

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: *California Correctional*
*Peace Officers Association*
*et. al*
*755 Riverpoint Drive*
*West Sacramento*
*CA 95605-1634*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
*C. Lee*   12-20-13

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*   7011 1570 0000 4010 1510

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AT&T
208 S, AKARD ST,
DALLAS, TX 75202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  S Card

☐ Agent
☐ Addressee

B. Received by ( Printed Name )

S LAND

C. Date of Delivery

11-15-11

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☑ No

3. Service Type
☐ Certified Mail     ☐ Express Mail
☐ Registered          ☑ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)

7005 0390 0005 6698 9201

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

STEVE HOMICK
J-48900
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94964

EXHIBIT B

ACCOUNTING OF AMOUNT OF COMPENSATORY & PUNITIVE DAMAGES DUE:

The following compensatory damages were caused by the LIEN DEBTORS' violations of 18 U.S.C. §241, 813, 872, 1001, 1915, RICO §1961 et seq., 641; California Penal Code §125, 134, 153, 182(4)&(5), 186, 211, 418, 496, 518, 519, 532, 2112;& numerous sections of the Uniform Commercial Code §3-106, 3-108, 30110, 3-112 & Part 6.§9-601, et seq & et al §§.

(1) According to the Federal Bureau of Investigation (FBI), Report obtained via the Freedom of Information Act (FOIA), Sunstate Tropical Wholesale Nursery's financial accounts receivable, which was only comprised of money owed to Sunstate in promissory notes, balance on December 31, 1985, was FIFTEEN-MILLION, SEVEN-HUNDRED AND THIRTY-NINE-THOUSAND, EIGHT-HUNDRED AND SEVENTY-SEVEN DOLLARS AND SIXTY-SEVEN CENTS ON promissory notes, they were all bearing accrued interest at the rate of TEN PERCENT PER ANNUM. Due to non-performance and failure to make the annual payments as required by the contractural promissory notes an additional TEN PERCENT PENALTY PER ANNUM HAS BEEN ADDED FOR DEFAULTING on making the annual payments that were required to be done in accordance with the terms of the contractural agreements made in the promissory notes. Therefore, the balance due is calculated by the balance beginning with $15,739,877.67 on December 31, 1985, COMPOUNDED AT TWENTY PERCENT PER ANNUM UNTIL DEFAULT ON JANUARY 18, 2013, amounts to more than TWO-BILLION, ONE-HUNDRED & EIGHTY-TWO MILLION, TWO-HUNDRED & NINETY-THOUSAND DOLLARS. ($2,182,290,943.46).

(2) The Baritz Nightclub's revenue in January 1988, before Susan

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM & AFFIDAVIT & NOTICE OF DEFAULT

PAGE 1 OF 4.

Hanah Harris illegally and by fraud/oppression, seized management of the business on her own and implementing her own changes in managing the Baritz, expense was 4%, maintenance expense 3½%, sales tax 5½%, rent 6%, labor and general administration ran 29%, leaving a cash profit for Independent Caterers' 45% interest in the Baritz Nightclub to be $38,319.00 per month or $459,828.00 per year.  This makes the loss of income with the ten percent per annum adjustment, from January 1, 1988, until default on January 17, 2013, to amount to $47,818,838.65.  The value of a nightclub business is worth three times its cash profit for the year which made Independent Caterers' forty-five percent valued at $1,319,487.00 in January of 1988.  Which makes the current value, adjusted at ten percent per annum, to be $14,026,176.69 as of the default on January 17, 2013.  This brings the total loss and damages for Independent Caterers' forty-five percent interest in the Baritz Nightclub to be $61,908,015.34.

(3) The total compensatory damages and loss for the business known as Independent Caterers dba Sunstate Tropical Wholesale Nursery and the Baritz Nightclub's (forty-five percent interest) up until the default on January 17, 2013, is $2,244,199,878.25.

(4) Damages given in punitive statutes, for violation of Racketeering (RICO, 18 U.S.C. §1962, et seq.); and California Penal Code §496(c), are triple of the actual damages (compensatory damages), to $6,732,599,643.75; which is secured by the real and personal community property of the LIEN DEBTORS.

(5) The total tally of compensatory and punitive damages as of the day of default on January 17, 2013, is EIGHT-BILLION, NINE-HUNDRED AND SEVENTY-SIX-MILLION, SEVEN-HUNDRED AND NINE-THOUSAND, FIVE-HUNDRED

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM & AFFIDAVIT & NOTICE OF DEFAULT

PAGE 2 OF 4

AND THIRTEEN-DOLLARS ($8,976,799,513.00).  This balance continues to
accrue at the rate of ten percent per annum from the day of the default
on January 18, 2013, until paid in full.  It is secured by real and
personal community property of the LIEN DEBTORS; additional damages to
be added upon discovery and proof.

(6) Under the applicable rules of law (California Penal Code Section
1202.4), to calculate the damages and liability for the members of the
civil conspiracy (Defendants), for the false imprisonment of Sunstate's
President it is based on the twelve months of income prior to the false
imprisonment of its President, which began on September 20, 1988.  The
income for those twelve months is what is owed Sunstate Tropical
Wholesale Nursery, which is  the income owed Independent Caterers, Inc.,
on its fourty-five percent interest in the Baritz Nightclub, from
September 20, 1987 until September 19, 1988, which in turn is its
President's income for the same period.  Based on the calculations
stated above, the income for the twelve months prior to the false
imprisonment is nineteen-million, nine-hundred and twenty-six-thousand,
one-hundred and five-dollars and four cents   ($19,926,105.04), with the
base income adjusted ten percent per annum and the balance accrued at
the rate of ten percent per annum from September 20, 1988 until the
second default on August 3, 2013, the balance owed for the false
imprisonment of Sunstate's President is four-Billion, eight-hundred and
fourteen-million, two-hundred and seventy-seven-dollars and thirty-five
cents ($4,814,277,377.35).  Damage given by punitive statutes for
violation of Racketeering (RICO, 18 U.S.C. §1962, et seq.); and
California Penal Code §496(c), are triple of the actual damages given by
punitive statutes, brings the punitive damages due as of the day of

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM
& AFFIDAVIT & NOTICE OF DEFAULT

PAGE 3 OF 4

1   default (August 3, 2013) to $14,442,832,132.05, which is secured by real

2   and personal community property of the LIEN DEBTORS.

3       (7) The total tally of compensation and punitive damages for the

4   false imprisonment of Sunstate's Presidents as of the day of default on

5   August 3, 2013 is nineteen-billion, two-hundred and fifty-seven-

6   million, one-hundred and nine-thousand, five-hundred and nine-dollars

7   and forty-cents. (#19,257,109,509.40).  This balance continues to accrue

8   at the rate of ten percent per  annum from the day of the dafault on

9   August 3, 2013 and at the rate of $7,185,666.42 per day until September

10  19, 2013 and from September 20, 2013 until September 19, 2014 at the rate

11  of $8,130,285.28 per day and from September 20, 2014 until September 19,

12  2015 at the rate of $9,191,465.22 per day, etc., or until such time as

13  the false imprisonment ceases to continue; and until paid in full.  It

14  is secured by the real and personal community property of the LIEN

15  DEBTORS

16  DATED:  11-21-12                    *Steven Wayne Bonella*
                                        STEVEN BONILLA

17  The foregoing is declared true and correct under penalty of perjury

18  under the laws of California and the United States of America this 21

19  day of NOVEMBER 201  at Tamal, Ca. 94974     *Steven Bonilla*

20

21  DATED:  11-21-12

22

23  STEVEN BONILLA   AFFIANT, OWNER & MEMBER OF THE BOARD OF DIRECTORS

24  AUTHORIZED TO ACT FOR AND ON BEHALF OF INDEPENDENT CATERERS, INC.

25

26                       ---

27               "AFFIDAVIT OF NOTICE OF DEFAULT"

28

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMON LAW JUDGEMENT, CLAIM & AFFIDAVIT & NOTICE OF DEFAULT

PAGE 4 OF 4

*EXHIBIT C*

| # | | | |
|---|---|---|---|
| 1 | CLARENCE DON CLAY | 29. WILLIAM H. FOLLETT | 57. DALE J. BLEA |
| 2 | JEFFREY W. HORNER | 30. DARREN McELFRESH | 58. THOMAS L. BENDER |
| 3 | BENJAMIN TRAVIS | 31. SUZANNE N. KINGSBURY | 59. KELLY V. SIMMONS |
| 4 | THOMAS REARDON | 32. STEVEN C. BAILEY | 60. FAYE D'OPAL |
| 5 | LARRY J. GOODMAN | 33. JANE YORK PUNNEO | 61. PAUL M. HAAKENSON |
| 6 | SANDRA L. MARGULIES | 34. JAMES T. LA PORTE | 62. MICHAEL FAGALDE |
| 7 | THOMAS D. KOLPACOFF | 35. DENNIS PETERSON | 63. DANA F. WALTON |
| 8 | ANN GRETH | 36. T. PETTIGREW | 64. CINDEE E. MAYFIELD |
| 9 | RENEE C. DAY | 37. ARLAN L. HARRELL | 65. JOHN BEHNKE |
| 10 | J. S. HERMANSON | 38. W. KENT HAMLIN | 66. YNETTE RENO |
| 11 | JAMES F. REILLEY | 39. ALVIN M. HARREL | 67. MARK V. BACCIARINI |
| 12 | MICHAEL R. DEEMS | 40. DONALD COLE BYRD | 68. FRANCIS W. BARCLAY |
| 13 | KIMBERLY J. MERRIFIELD | 41. CHRISTOPHER G. WILSON | 69. STANLEY ELLER |
| 14 | STEPHEN E. BENSON | 42. JOYCE D. HINRICHS | 70. MARK MAGIT |
| 15 | CLARE KEITHLEY | 43. LEONARD CASSE | 71. LYDIA M. VILLARREAL |
| 16 | ROBERT A. GLUSMAN | 44. CHRISTOPHER J. PLOURD | 72. TIMOTHY ROBERTS |
| 17 | TIMOTHY S. HEALY | 45. BRIAN J. LAMB | 73. STANLEY DAWSON ARNOLD |
| 18 | DAVID M. SANDERS | 46. DEAN T. STOUT | 74. RUTH BERMUDEZ MONTENEGRO |
| 19 | GRANT V. BARETT | 47. KARRIE HARRIS | 75. MARK S. BOESSENECKER |
| 20 | JEFFREY A THOMPSON | 48. JOHN S. SOMERS | 76. FRANCISCA P. TISHER |
| 21 | ANITA L. SANTOS | 49. MICHAEL E. DELLOSTRITTO | 77. BRIAN HILL |
| 22 | DAVID E. GOLDSTEIN | 50. STEVEN M. KATZ | 78. ELIA ORTZ |
| 23 | DIANA B. BECTON-SMITH | 51. THOMAS DE SANTOS | 79. CANDACE HEIDELBERGER |
| 24 | CHARLES B. BURCH | 52. STEVEN D. BARNES | 80. ROBERT S. TICE-RASKIN |
| 25 | CLARA MAIER | 53. ANDREW BLUM | 81. ERICK L. LARSH |
| 26 | PATRICIA M. SCANLON | 54. WILLIAM C. RYAN | 82. CHERI PHAM |
| 27 | BARRY BASKIN | 55. HENRY J. HALL | 83. JEFFREY S. PENNEY |
| 28 | ROBERT COCHRAN | 56. JOSEPH A. SOLDANI | 84. IRA KAUFMAN |

-1-

| | | |
|---|---|---|
| 85. CHAD FIRETAG | 113. ELIZABETH LEE | 141. BENJAMIN WIRTSCHAFTER |
| 86. CHARLES E. STAFFORD JR | 114. BRIAN E. HILL | 142. KATHLEEN O'CONNER |
| 87. ELAINE KIEFER | 115. KEVIN E. MCKENNEY | 143. RAIMUNDO MONTES DE OCA |
| 88. JOHN MOLLOY | 116. LINDA R. CLARK | 144. RAYMOND J DAVILLA JR. |
| 89. MICHAEL G. BOWMAN | 117. ERIC S. GEFFON | 145. SUZANNE N. KINGSBURYS |
| 90. DAVID DE ALBA | 118. JOSHUA WEINSTEIN | 146. BETH ANN R. MCGOWEN |
| 91. MICHAEL W. SWEET | 119. TIMOTHY R. VOLKMAN | 147. BRIAN ROSS ARONSON |
| 92. GREGORY S. TAVILL | 120. PAUL P. BURDICK | 148. DONALD SEGERSTROM JR. |
| 93. STEVEN R. SANDERS | 121. CARA L. BEATTY | 149. DOLLY M. GEE |
| 94. GLENN YABUNO | 122. YVETTE DURANT | 150. JEAN ROSENBLUTH |
| 95. ROBERT O'FARRELL | 123. CHARLES H. ERVINE | 151. VIRGINA A. PHILLIPS |
| 96. KEITH DAVIS | 124. LURA J. MASUNAGA | 152. PERCY ANDERSON |
| 97. MICHAEL R. SMYTH | 125. WILLIAM J. DAVIS | 153. ERIC L. LARSH |
| 98. PETER DEDDEH | 126. ALESIA F. JONES | 154. M. PLUMMER |
| 99. ROBERT F. O'NEILL | 127. CARLOS R. GUTIERREZ | 155. ALLISON H. GODDARD |
| 100. LAURA H. PARSKY | 128. SHELLY J. AVERILL | 156. YVONNE GONZALEZ ROGERS |
| 101. JOSEPH P. BRANNIGAN | 129. ELLOIT E. DAUM | 157. CLAUDIA WILKEN |
| 102. AMALIA MEZA | 130. THOMAS D. ZEFF | 158. JEFFREY S. WHITE |
| 103. ESTABAN HERANDEZ | 131. SHAWN BESSEY | 159. BETH LABSON FREEMAN. |
| 104. CHARLES G. ROGERS | 132. JONATHAN SKILLMAN | 160. HOWARD R. LLOYD |
| 105. GARRET L. WONG | 133. ELIZABETH JOHNSON | 161. VINCE G. CHHABRIA |
| 106. TERI L. JACKSON | 134. NATHAN LEEDY | 162. RICHARD SEEBERG |
| 107. BRENDAN P. CONROY | 135. STEPHEN W. BERRIER | 163. JOSEPH C. SPERO |
| 108. SETH R. HOYT | 136. RYAN J. WRIGHT | 164. ALLISON CLAIRE |
| 109. ELIZABETH HUMPHREYS | 137. KENT M. KELLEGREW | 165. ANTHONY W. ISHII |
| 110. WILLIAM DEAN JOHNSON | 138. DAVID ROSENBERG | 166. BARBARA A. MCAULIFFE |
| 111. JACQUELYN H. DUFFY | 139. DEBRA GIVENS | 167. JEREMY D. PETERSON |
| 112. DONALD AYOOB | 140. JULIA C. SCROGIN | 168. SHIELA K. OBERTO |

| | | |
|---|---|---|
| 169. LAWRENCE J. O'NEILL | 197. GONZALO P. CURIEL | 225. DONALD R. FRANSON JR. |
| 170. STANLEY A. BOONE | 198. DANA M. SABRAW | 226. PATRICIA BAMATTRE MANOUKIAN |
| 171. ERIC P. GROSJEAN | 199. CATHY ANN BENCIEVENGO | 227. ADRIENNE M. GROVER |
| 172. GARY S. AUSTIN | 200. JOHN A. HOUSTON | 228. ALLISON M. DANNER |
| 173. DAVID O. CARTER | 201. JILL L. BARTICK | 229. FRANKLIN DANIEL ELIA |
| 174. JENNIFER L. THURSTON | 202. CYTHIA BASHANT | 230. EDWARD LEAVY |
| 175. KIMBERLY J. MUELLER | 203. BARBARA L. MAJOR | 231. BARRY G. SILVERMAN |
| 176. CAROLYN K. DELANY | 204. JANIS L. SAMMARTINO | 232. M. SMITH |
| 177. CRAIG M. KELLISON | 205. ANTHONY J. BATTEGLIA | 233. SANDRA S. IKUTA |
| 178. DENNIS M. COTA | 206. JAN MADLER | 234. TERRY MCNALLEY |
| 179. WILLIAM B. SHUBB | 207. RUBEN B. BROOKS | 235. ANABEL BALL |
| 180. TROY L. NUNLEY | 208. MARK B. SIMMON | 236. S. FRAZER |
| 181. MORRISON C. ENGLAND JR. | 209. HENRY E. NEEDAM JR. | 237. ELENA PENA |
| 182. JOHN A. MENDEZ | 210. TERENCE L. BRUINIERS | 238. NORA BECERRA |
| 183. GREGORY G. HOLLOWS | 211. GORDON B. BURNS | 239. KRISTI HERETH |
| 184. KENDAL J. NEWMAN | 212. BARBARA J.R. JONES | 240. SHAY RYANS |
| 185. MICHAEL L. LON | 213. MIHARA GREENWOOD | 241. RENE C. DAVIDSON |
| 186. MICHAEL D. DEMBIN | 214. ARUTHER GILBERT | 242. BOB KLOTZ |
| 187. LARRY ALAN BURNS | 215. STEVEN Z. PERREN | 243. A. JONES-WILLIAMSONS |
| 188. KAREN S. CRAWFORD | 216. VANCE W. RAYE | 244. M. SHERMAN |
| 189. ANDREW G. SCHOPLER | 217. RONALD B. ROBIE | 245. TY CARLEY |
| 190. LINDA LOPEZ | 218. MARTIN J. TANGEMAN | 246. C. TILTON |
| 191. MICHAEL S. BERG | 219. MANUELA A. RAMIREZ | 247. KIMBERLY FLENER |
| 192. BARRY T. MOSKOWITZ | 220. JUDITH MCCONNELL | 248. A. SPRINGER |
| 193. MICHAEL M. ANELLO | 221. JENNIFER R. DETJEN | 249. NORA BACERRA |
| 194. WILLIAM V. GALLO | 222. ROSENDO PENA JR. | 250. RICHARD L. HOLST |
| 195. WILLIAM Q. HAYES | 223. BRUCE M. SMITH | 251. C. LOZANO-DIGGINS |
| 196. JILL L. BURKHARDT | 224. BRAD R. HILL | 252. S. GUSTO |

| | | |
|---|---|---|
| 253. STEPHANIE GOMEZ | 281. TANI CANTIL-SAKAUYE | 309. LAURA LUKER |
| 254. STEPAN NASH | 282. MING CHIN | 310. KIM GALLENGER |
| 255. C. KROMSCHRODER | 283. CAROL CORRIGAN | 311. C. VOSE |
| 256. K. BIEKER | 284. JOSHUA GROBAN | 312. S. KADOHATA |
| 257. K. BALLARD | 285. LEONDRA KRUGER | 313. GABRIELA ALONZO |
| 258. JUDY REYNOLDS | 286. GOODWIN H. LU | 314. SHERI R. CARTER |
| 259. SANDRA LINDERMAN | 287. JOYCE L. KENNARD | 315. NANCY ALVAREZ |
| 260. ESPERANZA ESPARZA | 288. MARVIN R. BAXTER | 316. C.L. COLEMAN |
| 261. VERONICA NISGORRE | 289. MARY JAMESON | 317. R.P. RIVERA |
| 262. JULIA A. INCOPERO | 290. FRANK A. McGUIRE | 318. G. MARLON |
| 263. M. THOMPSON | 291. MARY J. GREENWOOD | 319. B. PEREZ |
| 264. JENNIFER JIMENEZ | 292. PAMALA M. PASTEN | 320. J. CASTELLANIS |
| 265. W. WARDEN | 293. PAMALA M. FOSTER | 321. KIMBERLY SWADER-MIKELL |
| 266. JACKIE DAVENPORT | 294. LENDSAY EROPKIN | 322. M. ANKELE |
| 267. TANIA URIN-CAPOBIANCO | 295. TERRY McNALLEY | 323. TAMARAH HARBER-PICKENS |
| 268. SHERAN MORTON | 296. ANABEL BALL | 324. CARA L. RUIZ |
| 269. C. ACHEE | 297. S. FRAZER | 325. H. ROBERTS |
| 270. K. RUIZ | 298. D. TRIMBLE | 326. M. MURPHY |
| 271. J. LAY | 299. ANITA K. HAIGHT | 327. JAMES M. KIM |
| 272. J. XEONGI | 300. K. VAN ALLEN | 328. KELLY ESTEP |
| 273. H. BLYTHE | 301. D. GALLARDO | 329. COREY HASKINS |
| 274. KIM M. BARTLESON | 302. TAMARA H HARDER-PICKENS | 330. WILLIAM WILLIS |
| 275. C. FACCI | 303. S. GOMEZ | 331. CHARLOTTE LIRA-MARTINEZ |
| 276. L. JAUREQUI | 304. A. NICHOLS | 332. D. TUCKER |
| 277. ABIGAIL MENDOZA | 305. AMANDA TOSTE | 333. DEANA EDDINGS |
| 278. LYDIA M. ANTUNEZ | 306. JEFFREY E. LEWIS | 334. S. SANDOVAL |
| 279. MARIA RHINEHART | 307. YOLANA ROSAS | 335. LINDA RAMERO SOLES |
| 280. M. GARCIA | 308. KRISTA LE VIER | 336. KELLE R. ALLEN |

-4-

| | | |
|---|---|---|
| 337. C. JUAREZ | 365. D. HANDA | 893. MEG McCULLOUGH |
| 338. SHERI PIMENTEL | 366. T. PHELPS | 354. E. LARA |
| 339. M. KENNEY | 367. P. LAUNGRASEUTH | 395. C. BALMAGEDA |
| 340. SANDRA HERNANDEZ | 368. M. ECKERT | 396. E. VEH BE |
| 341. ALEJANDRA MORENO | 369. JORGE HUERTA | 397. G. MARLON |
| 342. C. TYLER | 370. CARMON GUARDIOLA | 398. T. SUITTS |
| 343. Y. O'DONNELL | 371. C. NOUTIENDYK | 399. R. HOUCK |
| 344. HERMINIA SEGURA | 372. L. HAMLETT | 400. T. HINOJOSA |
| 345. GIERI ORTA | 373. ANA SANCHEZ | 401. E. BROWN |
| 346. RICHARD D. FELDSTEIN | 374. M. ECKERT | 402. JANET MONTGOMERY |
| 347. G. HARRIS | 375. R. ZALUODNEY | 403. R. ZEPEDA |
| 348. S. VASQUEZ | 376. N. SMITH | 404. WESTLEY G. RAMIREZ |
| 349. JASON B. GALKIN | 377. P. BANKS | 405. FELICIA LEWIS |
| 350. JULIE OLIVER | 378. E. MEDINA | 405. JOSEPH MONTANEZ |
| 351. G. HAINES | 379. M. RUBALCABA | 407. TENA SOUSA |
| 352. M. RAHM | 380. SYLVIA AREINIEGA | 408. THERESA URBISTONDO |
| 383. M. JOHNSON | 381. MEG McCULLOUGH | 409. L. AQUIRRE |
| 354. DAVID YAMASAKI | 382. DIANA DEVINE | 410. JOYCE BANEK |
| 355. C. CELIAS | 383. SYLVIA GUTIERREZ | 411. A. SALIS |
| 356. JORGE GOMMEZ | 384. ERIKA MONTES | 412. L. MORAIS |
| 357. TAMI REARNEY | 385. MARIA CARBAJAL | 413. A. SOLIS |
| 358. M. DIAZ | 386. KEITH D. DAVIS | 414. P. ALVERES |
| 359. LARRY BROWN | 387. MARIE FORESTER | 415. S. VILLAL-TA |
| 360. C. LABRADOR | 388. JULIE FRANCIS | 416. S. SISTO |
| 361. JAKE CHATTERS | 389. NICCI MARTINEZ | 417. DARREL E. PARKER |
| 362. J. LOPEZ | 390. LAUREN TENORIO | 418. DAVID H. YAMASAKI |
| 363. J. BERNAL | 391. RUSANN GAITAN | 419. S. HURTADO |
| 364. M. ANDERSON | 392. SYLVIA ARCINIEGA | 420. J. REDMANAOND |

-5-

| | |
|---|---|
| 421. P. SOTO | 449. KEVIN HARRIGAN |
| 422. S. D. ALVAREZ | 450. TELECIA WESTON |
| 423. E. DE SANTIAGO | 451. M. HETHCOAT |
| 424. B. CHIENG | 452. L. ELLIS |
| 425. H. KENISTON | 453. LOE CHRESTA |
| 426. KAREN BROUGHTON | 454. CARYN DOWNING |
| 427. ALEX CALVO | 455. HUGH SWIFT |
| 428. S. SHIRLEY | 456. ROBECA J. FLEMING |
| 429. TUSHA BUCKBAI | 457. JACQULINE MOORE |
| 430. C. L. CRAGO | 458. STACI HOLLIDAY |
| 431. ANN MENDEZ | 459. JEANINE D. TUCKER |
| 432. J. STORLIE | 460. RUTH SONNBERGER |
| 433. RENEE McCANNA CRAVE | 461. TAMI KEARNEY |
| 434. K. MORGAN | 462. J. CALLAHAN |
| 435. W. CHACK | 463. L. ANDERSON |
| 436. BRIAN K. TAYLOR | 464. KORINE HART |
| 437. J. GALES | 465. DIANA NEELEY |
| 438. CYNTHIA A McELRATH | 466. C. CUSTER |
| 439. JULIE LYNN WILCOX | 467. MICHAEL D. PLANET |
| 440. CHRISTINA RODRIQUEZ | 468. L. MELENDEZ |
| 441. CINDY LUNA | 469. D. MARTINEZ |
| 442. KELLY K. STEIN | 470. B. BARTINEZ |
| 443. HUGH K. SWIFT | 471. SHAWN C. LANDRY |
| 444. L. SALAZAR | 472. J. LONG |
| 445. E. BARNETT | 473. N. PLOWMAN |
| 446. MONICA MORALES | 474. B. MARTINEZ |
| 447. KILLI SMITH | 475. CATHERINE R. HOHENWATER |
| 448. SHARRAL JENKINS | |

# Exhibit 1



**Napa Superior Court**
**County of Napa**
**825 Brown Street**
**Napa CA 94559**
**[707] 299-1130**

## Document Return Notice

☐ Non-payment of mandatory filing fee.  Amount due $
  Date party notified by telephone:

☐ Documents are for another county.

☐ Documents returned at party's request.  Date requested:

☐ Documents are not signed.

☐ Documents are incomplete.

☐ Notice and Acknowledgment of Receipt forms must be attached to a Proof of
  Service form.

☐ 'Correction' of Writ: Please submit a new documents.  The Clerk's Office cannot
  modify issued documents.  GC§6200

☐ Notices of Non-Availability are not filed in this court.

☐ Dismissals must specify what is being dismissed and whether with or without
  prejudice.  CCP§581

☐ Documents submitted for filing must contain the name, address, and state bar
  number of counsel, or the name and address of self-represented parties.  CRC
  2.111

☐ Date, time and location of hearing must be stated on face of document.

☒ Other: You have been deemed a vexatious litigant and are subject to a pre-filing
  order.

*a person can not be precleededes from raising the*
*jurisdictional quescion, 11 6 F3d 449, 453,*
7/15/2020 *64 FRD 20,25, I con not be barred from doing so*    Julie Oliver
                                                               Court Division Supervisor
*49 US 495  LEARN THE LAW*

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
## MINUTE ORDER

### Department: C1

| | | | |
|---|---|---|---|
| **COURT CONVENED AT:** | | **ON:** | July 16, 2020 |
| **ASSISTANT PRESIDING JUDGE:** | ERICK L. LARSH | **CLERK:** | L. LABRADOR |
| **BAILIFF:** | NONE | **REPORTER:** | NONE |

**AND THE FOLLOWING PROCEEDINGS WERE HAD:**

Re:  Steven Wayne Bonilla

No appearances.

This case, having been referred to the Assistant Presiding Judge and reviewed the documents, the Court now rules as follows:

Documents submitted by Vexatious Litigant, Steven Wayne Bonilla, appear to be a motion to vacate the prefiling issued against Mr. Bonilla and have his name removed from the Judicial Council's Vexatious Litigant List.  Marin County having designated Mr. Bonilla vexatious pursuant to CCP § 391.7 and being the court that entered the prefiling order, the documents are hereby forwarded to that county pursuant to CCP § 391.8.

Court orders Clerk to give notice.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| RE: STEVEN WAYNE BONILLA | CERTIFICATE OF SERVICE BY MAIL OF COPY OF MINUTE ORDER, DATED 07/16/20 |

I, DAVID H. YAMASAKI, Executive Officer and Clerk of the Superior Court, in and for the County of Orange, State of California, hereby certify; that I am not a party to the within action or proceeding; that on 07/16/2020, I served the Copy of the Minute Order, dated 07/16/2020, on each of the parties herein named by depositing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Postal Service mail box at Santa Ana, California addressed as follows:

Steven Wayne Bonilla
J-48500, 3 EY-13
San Quentin, CA 94974

DAVID H. YAMASAKI,
Executive Officer and Clerk of the Superior Court
In and for the County of Orange

DATED: 07/16/20

By: _L. Labrador_

L. Labrador, Deputy Clerk

**CERTIFICATE OF SERVICE BY MAIL**

Steven Wayne Bonilla / Petitioner
J-48500, 3-EY-13, San Quentin CA 94974

Superior Court of California
County of Napa

Steven Wayne Bonilla,           Case No.
    Plaintiff,                  A Case Cannot be Closed from filing a
Superior Court of               Petition Attacking the Court's Jurisdiction
Napa County                     When the FBI Admits to NO SUBPOENA.
    Defendants                  — Expedited Review Requested —

A party cannot be precluded from raising the jurisdictional question, AT ANY TIME AND IN ANY PLACE [148 Cal. App. 2d 845] by any form of laches, waiver or estoppel. [116 F. 2d 449; 67 F.R.D. 22]. A judgment that is void, forms NO BAR to a recovery sought, even prior to a reversal, in opposition to them; they constitute NO JURISDICTION, AND ALL PERSONS CONCERNED IN EXECUTING SUCH JUDGMENTS OR SENTENCES, ARE CONSIDERED IN LAW AS TRESPASSERS ON THE CASE. [490 S 495]. Not filing a CHALLENGE attacking the jurisdiction is the unlawful interference with one's guaranteed Constitutional Rights Such an unlawful act is considered aiding and abetting in the conspiracy to deprive the Plaintiff of his Constitutional Rights.

                    Verification
    I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC §1746 on July 9, 2020.
                    Respectfully Submitted
                    Steven Wayne Bonilla

RECEIVED

JUL 15 2020
Napa Superior Court

1 | Steven Wayne Bonilla / Petitioner
2 | J-48500,3-E4-13, San Quentin CA 94974
3 |
4 |                    Superior Court of California
5 |                       County of Napa
6 |
7 | Steven Wayne Bonilla,              Case no.
8 | Plaintiff,                         A Vexatious Litigant Ruling Does Not
9 |                                    Preclude a Jurisdictional Challenge
10 | Superior Court                     nor Does It Grant any Immunity.
11 | Defendant                          - Expedited Review Requested
12 |
13 | A vexatious litigant rule, (C.C.P.391), does not preclude a party from
14 | raising the jurisdictional question, AT ANY TIME AND IN ANY PLACE,
15 | [148 cal. app. 2d 845], by any form of laches, waiver or estoppel, [116 F.2d 449, 453;
16 | 67 F.R.D. 22, 25], a judgment that is void, forms NO BAR to a recovery
17 | sought even prior to a reversal, in opposition to them, they constitute
18 | NO JURISDICTION, AND ALL PERSONS CONCERNED IN EXECUTING SUCH JUDGMENTS,
19 | OR SENTENCES, ARE CONSIDERED IN LAW AS TRESPASSERS ON THE CASE [49 US 485].
20 | Refusing to file a CHALLENGE attacking the jurisdiction is the unlawful
21 | interference with one's guaranteed Constitutional Rights. Such an
22 | unlawful act is considered aiding and abetting in the conspiracy
23 | to deprive the Plaintiff of his guaranteed Constitutional Rights.
24 |                        Verification
25 | I declare under penalty of perjury that the foregoing is true and
26 | correct, pursuant to 28 USC §1746 on July 9, 2020.
27 |                        Respectfully Submitted
28 |                        Steven Wayne Bonilla

1  Steven Wayne Bonilla
2  J-48500, 3-EY-13
3  San Quentin, CA 94974
4  Plaintiff
5
6
7
8  Superior Court of California
9  County of Napa
10
11  In re: to the matter of     Case no.
12  all cases involving     All Prior Court Orders and
13  Steven Wayne Bonilla     Judgments are void on their face
14  - Expedited Review Requested -
15
16  Introduction
17  A judge may not rule on the judgment of a court in a
18  cause under review, without FIRST DETERMINING that
19  he NOT ONLY has his own jurisdiction of subject
20  matter and of person but also that of the court
21  under review. [523 US 83; 549 US 422; 824 F. 3d 1161],
22  Claim I
23  In this situation the judgment under review is
24  that of the judgment of the Alameda County Superior
25  Court in Case no. H-12210-A. Which is void because the
26  prosecution fraudulently claimed in both the federal
27  and state courts, that my telephone records for (408)
28  446-3850, had been obtained by the FBI pursuant to a federal

grand jury subpoena. That the prosecution knew was NEVER SERVED because it NEVER EXISTED, and it was never entered on the court docket as an exhibit.

## Claim II

Thus, pursuant to Rule 403 of the Evidence Code, NONE of the proferred evidence is admissible which makes it IMPOSSIBLE for any court or judge to have acquired juris-diction of subject matter and of person. Wherefore, any judgment or order rendered by a court/judge lacking subject matter is void on its face. [35 Cal.4th 180]. The reviewing court's jurisdiction is simply LIMITED to reversing the trial court's void acts. [35 Cal.4th 180].

## Relief Sought

(1). For the court to order the Alameda County Superior court judgment void for lack of jurisdiction in Case No. H-12210-A.

(2). For the court to order the Plaintiff's immediate release from his unlawful and false imprisonment.

(3). For the court to order an investigation into the fraud that was committed upon the court

## Verification

I declare under penalty of perjury, that the foregoing is true and correct, pursuant to 28 USC § 1746.

Dated: July 9, 2020

Respectfully Submitted

Steven Wayne Bonilla

1 | Steven Wayne Bonilla
2 | J-48500, 3-EY-13
3 | San Quentin CA 94974
4 | Petitioner
5 |
6 |
7 |
8 | Superior Court of California
9 | County of Napa
10 |
11 | Steven Wayne Bonilla,                    Case No.
12 | Plaintiff,
13 | vs.                                      The Vexatious Litigant Order
14 | The Alameda County                       is without merit. The Court
15 | District Attorney's Office               has a duty to enforce the
16 | Civil Conspiracy and its                 Contract for damages
17 | members, John Doe 1-40,000,
18 | Defendants,                              -Expedited Review Requested-
19 |
20 |
21 | Introduction
22 | The court held in Carter v Carter, [148 Cal. App. 2d 845], that
23 | a void order or judgment is subject to a collateral attack
24 | AT ANY TIME AND IN ANY PLACE. Thus, the order declaring
25 | the Plaintiff a vexatious litigant can be collaterally
26 | attacked AT ANY TIME AND IN ANY PLACE.
27 | Claim I
28 | The Plaintiff cannot be declared a vexatious litigant just

1 because he chose to exercise his right to negociate a
2 direct settlement for damages with the defendants by
3 offering them an issue resolution package. To which their
4 signature on the receipt of the issue resolution package,
5 as shown in Exhibit A, was not a mere acknowledgment
6 of the receipt of the package but constituted an accep-
7 tance, as a matter of law, of the issue resolution package
8 if they failed to respond within 30 days of record. [42
9 Cal 443]. Which made the issue resolution package become
10 a contractual settlement agreement between the parties.
11    Wherefore, the court has a duty, within the meaning of
12 the Constitutional requirements of the equal protection
13 of the laws, to enforce the contract by rendering a
14 judgment in favor of the Plaintiff against all of the
15 participants involved in the conspiracy for the
16 amount to be calculated for the injuries that were acquiesced
17 to in the issue resolution package. (See Exhibit B).
18                    Claim II
19    The court held in Circuit City v Najd [294 F.3d 1104], that
20 where circumstances or previous course of dealing between
21 the parties places the offeree under a duty to act or be
22 bound, his silence or inactivity will constitute his assent.
23 The members of the conspiracy have assented to the terms
24 of the resolution package by their signature on the
25 receipt, as shown in Exhibit A.
26    The court further held in Sorg v Weiz [14 Cal. App. 2d 78],
27 that silence, when offer is made or failure to reject it,
28 as acceptance which will constitute a bilateral contract.

1  Note 77 ALR, 1141. See also Cal. Jur. 2d, Contracts, § 23; Am Jur. 2d, Contracts, § 47.

2                              Claim III

3      The previous course of dealing involved the conspiracy

4  charging the Plaintiff with the crime of premeditated murder,

5  based on the proferred evidence of a federal grand jury

6  subpoena for the Plaintiff's phone records for (408-446-3850.

7  Which the FBI, admitted, under a federal court order, (C-02-

8  0636 MHP) NEVER EXISTED NOR WAS IT EVER SERVED, Thus,

9  proving absolutely, that the conspiracy committed

10 fraud upon the court to frame the Plaintiff for a

11 crime that he did not commit and is innocent of all

12 charges, Which in teern has rendered all those aiding and

13 involved in the conspiracy civilly liable for the injuries

14 resulting from the conspiracy to fraudulently convict the Plaintiff.

15                              Claim IV

16     Because every one who enters into the common design

17 of the conspiracy is in law a party to over act previously

18 or subsequently done by any of the others in pursuance

19 of it, the issue resolution package offered to the

20 conspiracy, included the term, that notice to the

21 principal was notice to the agents, and notice to the agent

22 was notice to the principals. Wherefore, it was the obligation of

23 those served with the issue resolution package / the

24 Contractual Settlement Agreement, to inform the

25 other members of the conspiracy to the agreed upon

26 resolution for damages stated in Exhibit B, Wherefore, they

27 were given the opportunity to participate in the agreement.

28                              Claim V

In tort, the major significance of the conspiracy lies in the fact that it rendered each participant in the wrongful act responsible as a joint tortfeasor for the damages ensuing from the wrong, irrespective of whether they were direct actors and regardless of the degree of their activity. [53 Cal. 2d 643]. Thus, each defendant is liable for the damages agreed to in Exhibit B.

## Relief Sought

(1). The Plaintiff cannot be a vexatious litigant when the parties have agreed to a resolution for the damages caused by the conspiracy to fraudulently convict him.

(2). To reverse the vexatious litigant order for being void.

(3). For the court to render a judgement against the conspiracy and its members in favor of the Plaintiff for the amount of damages acquiesced to in Exhibit B, to be calculated.

(4). John Doe conspiracy members to be named forthwith in future proceedings for their part in hiding in the Conspiracy.

## Verification

I declare under penalty of perjury that the foregoing is true and correct, including the exhibits, pursuant to 28 USC § 1746

Dated: July 9, 2020

Respectfully Submitted
Steven Wayne Bonilla

1  Steven Wayne Bonilla / Petitioner

2  J-48500, 3-EY-13, San Quentin CA 94974

3

4

5

6

7  In re: to the matter of          Case no.  Addendum

8  Steven Wayne Bonilla          - Expedited Review Requested -

9

10     The Plaintiff cannot be a vexatious litigant when the defendants

11  have agreed to a resolution for the damages caused by the

12  conspiracy to fraudulently convict me. Which is proven with

13  their signature, as shown in Exhibit A, on the receipt of the

14  issue resolution package. It was not merely an acknowledgment of

15  the receipt of the package but constituted an acceptance of the terms

16  of the resolution package when they did not respond within 30 days

17  of receipt [42 Cal. 443], making it a contractual settlement agreement.

18     The Court has a duty to enforce the contract with a judgment in

19  favor of the Plaintiff against the conspiracy members in the

20  amount to be calculated from Exhibit B. The contract also contains

21  an admission that my conviction was obtained by fraud. Which

22  calls for the conviction to be reversed, as part of enforcing the contract,

23  or the court, judge, clerks become participants in aiding in the conspiracy.

24                 Verification

25  I declare under penalty of perjury that the foregoing is true and

26  correct, including the exhibits, pursuant to 28 USC § 1746.

27  Dated: July 9, 2020          Respectfully Submitted

28                              Steven Wayne Bonilla

*EXHIBIT A*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to: State of California
Attorney General Kamala Harris,
Dan Lockyer, Bruce Ortega,
Rei R. Onishi, Kathleen Boergers
Office of Attorney General
455 Golden Gate Ave, Ste. 11000
San Francisco, CA 94102-7004

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7011 1570 0000 4010 1350

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this
  card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not
  permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date
  delivered.

I also wish to receive the
following services (for an
extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to: State of California
Attorney General Kamala Harris,
Dan Lockyer, Bruce Ortega, Rei
R. Onishi, Kathleen Boergers
Office of Attorney General et al
455 Golden Gate ave, Ste. 11000
San Francisco CA 94102-7004

4a. Article Number
7011 1570 0000 4010 1343

4b. Service Type
☐ Registered              ☒ Certified
☐ Express Mail            ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery   1/22/13

5. Received By: (Print Name)
Deana Johnson

8. Addressee's Address (Only if requested
and fee is paid)

6. Signature: (Addressee or Agent)
X Deana Johnson

PS Form 3811, December 1994      102595-97-B-0179      Domestic Return Receipt

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this
  card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not
  permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date
  delivered.

I also wish to receive the
following services (for an
extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to: of California
Attorney General, et al
455 Golden Gate Avenue
Suite 11000
San Francisco, CA
94102-7004

4a. Article Number
7011 1570 0000 4017 6976

4b. Service Type
☐ Registered              ☒ Certified
☐ Express Mail            ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery   7/1/13

5. Received By: (Print Name)

8. Addressee's Address (Only if requested
and fee is paid)

6. Signature: (Addressee or Agent)
X

PS Form 3811, December 1994      102595-97-B-0179      Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Vicki R Nelson_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Vicki Nelson   12/26/12

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

JAMES BRYAN FUQUA
1625 THE ALAMEDA, Ste. 200
SAN JOSE, CA 95126

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7011 1570 0000 4010 1305

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Teresa Wright_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
1/1/13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Alameda County District
attorney   et. al.,
1225 Fallon Street # 900
Oakland, CA 94612
7011 1570 0000 4017 6990

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7011 1570 0000 4017 6990

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER:**

- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
attorney General of the U. S.,
U.S. attorneys office,
FBI, et. al.,
P.O. Box 36055
San Francisco, CA 94102

4a. Article Number
7011 1570 0000 4017 6952

4b. Service Type
☐ Registered  ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
8-12-13

5. Received By: (Print Name)
THE BOSS

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X _____

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

PS Form 3811, December 1994   102595-97-B-0179   Domestic Return Receipt

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write 'Return Receipt Requested' on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: JAMES LOPEY,
WASHOE COUNTY SHERIFF'S OFFICE,
WASHOE COUNTY DISTRICT
ATTONEY, ET. AL,
P.O. BOX 11130
RENO, NV 89520-0083

4a. Article Number
7011 1570 0000 4017 7034

4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: (Print Name)
April Dulong

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X   APRIL DULONG

PS Form 3811, December 1994        102595-97-B-0179        Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return receipt Service.

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write 'Return Receipt Requested' on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: California Department of Correction & Rehabilitation,
Dr. Jeffrey Beard-Secretary et al
1515 South Street #502-S
Sacramento, CA 95811

4a. Article Number
7011 1570 0000 4017 7041

4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery  JUL 03 2013

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)
CALIFORNIA DEPT OF
CORRECTIONS & REHABILITATION

6. Signature: (Addressee or Agent)
X

PS Form 3811, December 1994        102595-97-B-0179        Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return receipt Service.

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: California Correctional
Peace Officers' association
et al
755 Riverpoint Drive
West Sacramento
CA 95605-1634

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                          ☐ Agent
                           ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
C Lee                            12-20-13

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
(Transfer from service label)    7011 1570 0000 4010 1510

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AT&T
208 S. AKARD ST,
DALLAS, TX 75202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  S Card                    ☐ Agent
                             ☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery
S LAND                               11-15-11

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)        7005 0390 0005 6658 9201

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box

STEVE HOMICK
J-48900
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94964

*EXHIBIT B*

ACCOUNTING OF AMOUNT OF COMPENSATORY & PUNITIVE DAMAGES DUE:

The following compensatory damages were caused by the LIEN DEBTORS' violations of 18 U.S.C. §241, 813, 872, 1001, 1915, RICO §1961 et seq., 641; California Penal Code §125, 134, 153, 182(4)&(5), 186, 211, 418, 496, 518, 519, 532, 2112;& numerous sections of the Uniform Commercial Code §3-106, 3-108, 30110, 3-112 & Part 6.§9-601, et seq & et al §§.

(1) According to the Federal Bureau of Investigation (FBI), Report obtained via the Freedom of Information Act (FOIA), Sunstate Tropical Wholesale Nursery's financial accounts receivable, which was only comprised of money owed to Sunstate in promissory notes, balance on December 31, 1985, was FIFTEEN-MILLION, SEVEN-HUNDRED AND THIRTY-NINE-THOUSAND, EIGHT-HUNDRED AND SEVENTY-SEVEN DOLLARS AND SIXTY-SEVEN CENTS ON promissory notes, they were all bearing accrued interest at the rate of TEN PERCENT PER ANNUM.  Due to non-performance and failure to make the annual payments as required by the contractural promissory notes an additional TEN PERCENT PENALTY PER ANNUM HAS BEEN ADDED FOR DEFAULTING on making the annual payments that were required to be done in accordance with the terms of the contractural agreements made in the promissory notes.  Therefore, the balance due is calculated by the balance beginning with $15,739,877.67 on December 31, 1985, COMPOUNDED AT TWENTY PERCENT PER ANNUM UNTIL DEFAULT ON JANUARY 18, 2013, amounts to more than TWO-BILLION, ONE-HUNDRED & EIGHTY-TWO MILLION, TWO-HUNDRED & NINETY-THOUSAND DOLLARS. ($2, 182,290,943.46).

(2) The Baritz Nightclub's revenue in January 1988, before Susan

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM & AFFIDAVIT & NOTICE OF DEFAULT

PAGE 1 OF 4.

1  Hanah Harris illegally and by fraud/oppression, seized management of the

2  business on her own and implementing her own changes in managing the

3  Baritz, expense was 4%, maintenance expense 3½%, sales tax 5½%, rent 6%,

4  labor and general administration ran 29%, leaving a cash profit for

5  Independent Caterers' 45% interest in the Baritz Nightclub to be

6  $38,319.00 per month or $459,828.00 per year.  This makes the loss of

7  income with the ten percent per annum adjustment, from January 1, 1988,

8  until default on January 17, 2013, to amount to $47,818,838.65.  The

9  value of a nightclub business is worth three times its cash profit for

10  the year which made Independent Caterers' forty-five percent valued at

11  $1,319,487.00 in January of 1988.  Which makes the current value,

12  adjusted at ten percent per annum, to be $14,026,176.69 as of the

13  default on January 17, 2013.  This brings the total loss and damages for

14  Independent Caterers' forty-five percent interest in the Baritz

15  Nightclub to be $61,908,015.34.

16      (3) The total compensatory damages and loss for the business known

17  as Independent Caterers dba Sunstate Tropical Wholesale Nursery and the

18  Baritz Nightclub's (forty-five percent interest) up until the default on

19  January 17, 2013, is $2,244,199,878.25.

20      (4) Damages given in punitive statutes, for violation of

21  Racketeering (RICO, 18 U.S.C. §1962, et seq.); and California Penal Code

22  §496(c), are triple of the actual damages (compensatory damages), to

23  $6,732,599,643.75; which is secured by the real and personal community

24  property of the LIEN DEBTORS.

25      (5) The total tally of compensatory and punitive damages as of the

26  day of default on January 17, 2013, is EIGHT-BILLION, NINE-HUNDRED AND

27  SEVENTY-SIX-MILLION, SEVEN-HUNDRED AND NINE-THOUSAND, FIVE-HUNDRED

28

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM
& AFFIDAVIT & NOTICE OF DEFAULT

PAGE 2 OF 4

AND THIRTEEN-DOLLARS ($8,976,799,513.00).  This balance continues to
accrue at the rate of ten percent per annum from the day of the default
on January 18, 2013, until paid in full.  It is secured by real and
personal community property of the LIEN DEBTORS; additional damages to
be added upon discovery and proof.

(6) Under the applicable rules of law (California Penal Code Section
1202.4), to calculate the damages and liability for the members of the
civil conspiracy (Defendants), for the false imprisonment of Sunstate's
President it is based on the twelve months of income prior to the false
imprisonment of its President, which began on September 20, 1988.  The
income for those twelve months is what is owed Sunstate Tropical
Wholesale Nursery, which is  the income owed Independent Caterers, Inc.,
on its fourty-five percent interest in the Baritz Nightclub, from
September 20, 1987 until September 19, 1988, which in turn is its
President's income for the same period.  Based on the calculations
stated above, the income for the twelve months prior to the false
imprisonment is nineteen-million, nine-hundred and twenty-six-thousand,
one-hundred and five-dollars and four cents   ($19,926,105.04), with the
base income adjusted ten percent per annum and the balance accrued at
the rate of ten percent per annum from September 20, 1988 until the
second default on August 3, 2013, the balance owed for the false
imprisonment of Sunstate's President is four-Billion, eight-hundred and
fourteen-million, two-hundred and seventy-seven-dollars and thirty-five
cents ($4,814,277,377.35).  Damage given by punitive statutes for
violation of Racketeering (RICO, 18 U.S.C. §1962, et seq.); and
California Penal Code §496(c), are triple of the actual damages given by
punitive statutes, brings the punitive damages due as of the day of

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM
& AFFIDAVIT & NOTICE OF DEFAULT

PAGE 3 OF 4

1  default (August 3, 2013) to $14,442,832,132.05, which is secured by real
2  and personal community property of the LIEN DEBTORS.

3      (7) The total tally of compensation and punitive damages for the
4  false imprisonment of Sunstate's Presidents as of the day of default on
5  August 3, 2013 is nineteen-billion, two-hundred and fifty-seven-
6  million, one-hundred and nine-thousand, five-hundred and nine-dollars
7  and forty-cents. (#19,257,109,509.40).  This balance continues to accrue
8  at the rate of ten percent per  annum from the day of the default on
9  August 3, 2013 and at the rate of $7,185,666.42 per day until September
10 19, 2013 and from September 20, 2013 until September 19, 2014 at the rate
11 of $8,130,285.28 per day and from September 20, 2014 until September 19,
12 2015 at the rate of $9,191,465.22 per day, etc., or until such time as
13 the false imprisonment ceases to continue; and until paid in full.  It
14 is secured by the real and personal community property of the LIEN
15 DEBTORS
16 DATED: 11-21-12

17 The foregoing is declared true and correct under penalty of perjury
18 under the laws of California and the United States of America this 3/
19 day of November 2012 at Tamal, Ca. 94974        Steven Bonilla
20
21 DATED: 11-21-12
22
23 STEVEN BONILLA   AFFIANT, OWNER & MEMBER OF THE BOARD OF DIRECTORS
24 AUTHORIZED TO ACT FOR AND ON BEHALF OF INDEPENDENT CATERERS, INC.
25
26
               "AFFIDAVIT OF NOTICE OF DEFAULT"
27
28
INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM
& AFFIDAVIT & NOTICE OF DEFAULT

                          PAGE 4 OF 4



**Superior Court of California**
**County of Napa**
**825 Brown Street**
**Napa CA  94559**
**[707] 299-1130**

# Document Return Notice

Your document is being returned for the  following reason:

☐   Non-payment of mandatory filing fee. Amount due $
     Date party notified by telephone:

☐   Documents are for another county

☐   Documents returned at party's request. Date requested:

☐   Documents are not signed

☐   Documents are incomplete

☐   Notice and Acknowledgment of Receipt forms must be attached to a Proof of
     Service form.

☐   'Correction' of writ: Please submit a new document. The Clerk's Office cannot
     modify issued documents. GC§6200.

☐   Notices of Non-Availability are not filed in this court.

☐   Dismissals must specify what is being dismissed and whether with or without
     prejudice. CCP §581

☐   Documents submitted for filing must contain the name, address, and state bar
     number of counsel, or the name and address of self-represented parties. CRC 2.111

☐   Date, time and location of hearing must be stated on face of document.

☒   Other: You have been named as a Vexatious Litigant and are subject to a prefiling
     order.

Date:   6/19/2020        Returned by:              M. Meyers
                                          Court Division Specialist

1 Steven Wayne Bonilla / Petitioner.

2 J-48500, 3-EY-13, San Quentin, CA 94974

3

4 Superior Court of California

5 County of Napa

6

7 Steven Wayne Bonilla,   Case No.

8 Plaintiff,   CHALLENGING the Reviewing Court lack

9 vs   of Subject Matter Jurisdiction for the Court

10 Elia M. Ortiz, Francisca P. Tisher, Under Review - Alameda County A-12210-A

11 Mark S. Boessenecker, Brian Hill,  - Expedited Review Requested for the

12 Respondents   OBSTRUCTION OF JUSTICE- CIVIL RIGHTS

13

RECEIVED

JUN 16 2020

NAPA SUPERIOR COURT

14   Introduction

15 A judge may not rule on a case without first determining that

16 he has jurisdiction of subject matter and of person. He is under an obligation

17 to satisfy himself, not only of his own jurisdiction, but also that of

18 the court in a cause under review (Alameda County Case No. H-12210-A).

19 And if, as here, the federal grand jury subpoena, from which all of the

20 evidence is the fruit thereof, was not entered on the court docket as

21 an exhibit, the record of the court under review was without

22 jurisdiction; the proper course is to dismiss on that ground.

23 [523 US 83; 549 US 422]. And it became a ministerial duty to do so when

24 the FBI admitted, under a federal court order, C-02-0636 MHP, that the

25 subpoena NEVER EXISTED NOR WAS IT EVER SERVED* which makes any

26 judgment or order issued without jurisdiction void on its face [35C 4th 180]

27 CHALLENGING the trial court's lack of subject matter jurisdiction

28 is an independent, separate action from a habeas corpus appeal.

*[99 cal.app. 2d 523 n8]

-1-

1  the CHALLENGE is not a habeas corpus petition appealing the verdict.
2  It is simply making a claim that the trial court lacked any authority
3  to hear or to render any decision on the merits. When the prosecutor
4  fraudulently claimed that the subpoena had been served. Knowingly
5  making a false claim to the court, is committing fraud upon the court.
6                              Claim I
7      Extrinsic fraud, mistake, or a judgment void on its face of the
8  record are the ONLY CASES where an independent, collateral attack may
9  be made ANYWHERE, AT ANY TIME AND IN ANY PLACE in an independent,
10  separate action. [85 C.A.2d 476; 31 C. 342; 148 C.A.2d 845; 246 C2d 334; 14 C 85;
11  62 C.A.753; 95 F. Supp 862]. Once CHALLENGED it must be proven [100 S. Ct 2502]
12  The court cannot proceed [67 F.R.D. 22, 25; 33 C 505] until proven on the record.
13      A person cannot be precluded, nor barred, from raising the jurisdictional
14  question for any reason, including Cal. C. Civ P. 391, [116 F.2d 493, 453; 49 US 495; 67 FRD 22,25],
15  To bar or preclude me from raising the jurisdictional question is a deprivation
16  of my Constitutional and Statutory Rights, making it a federal crime for
17  a judge or court clerk to willfully deprive of my Rights under 18 USC § 242;
18  and 18 USC § 241 makes it a federal crime for them to conspire with the
19  Alameda County Superior Court under review to do the same.
20      There is no discretion to IGNOR lack of jurisdiction [474 F.2d 215, 219]. The
21  Reviewing Court's jurisdiction is limited to reversing the trial court's
22  void judgment pursuant to Case Law [35 Cal 4th 180]
23                          Relief Sought
24  To declare Alameda County's judgment void in Case No. H-12210-A
25  Verification—I declare under penalty of perjury that the foregoing is
26  true and correct, pursuant to 28 USC § 1746 on May 14, 2020
27                          Respectfully Submitted
28                          Steven Wayne Bonilla

-2-



Bonita Tuesoo
5.0, CA 94974

Court-Napa
825 Brown Street
Napa CA 94559

NIXIE           957        4C  1
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
MANUAL PROC REQ        8205/6/29
*2772-05850-28-31*

SAN FRANCISCO CA
19 MAY 2019
56998>9999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
333 WEST BROADWAY, SUITE 420
SAN DIEGO, CALIFORNIA 92101
OFFICIAL BUSINESS

U.S. POSTAGE >> PITNEY BOWES
ZIP 94964    $ 000.50⁰
02 1W
0001397520 MAY 19 2020

CONFIDENTIAL MAIL

1   Steven Wayne Bonilla/Petitioner

2   J-48500,3-EY-13, San Quentin, CA 94974

3

4

5

6

7            Superior Court of California

8              County of Napa

9

10  Steven Wayne Bonilla,      Case No.

11  Plaintiff,

12      vs              attacking and Challenging the

13  The Superior Court of     Vexatious Litigant Claim

14  Napa County

15  Defendant          —Expedited Review Requested—

16

17               Introduction

18    The Court has falsely and erroneously claimed that the

19  Plaintiff, Steven Wayne Bonilla, to be a vexatious litigant

20  to ignore being attacked for lack of jurisdiction of

21  subject matter and of person.

22             Claim I

23    The Court held in Williamson v Berry, [49 US 495], that the

24  jurisdiction of any court exercising authority over a subject may

25  be inquired into in every other court, when the proceedings

26  in the former are relied upon and brought before the later

27  by a party claiming the benefit of such proceeding.

28  The principle that a record cannot be impeached by

—1—

NAPA SUPERIOR COURT

JUN 1 5 2020

RECEIVED

RECEIVED

JUN 1 5 2020

NAPA SUPERIOR COURT

pleading is not applicable when there is a want of jurisdiction. The want of jurisdiction is a matter that may always be set up against a judgment when it is to be enforced or when any benefit is claimed under it.

The operation of every judgment depends upon the jurisdiction of the court to render it, and whenever the right to property / a person's life, is claimed to have been changed under a judgment or decree by a court, and it is set up as a defense in another court, such as a defense claiming the Plaintiff to be a vexatious litigant, the jurisdiction of the former court may be inquired into.

The rule is that where a limited tribunal takes upon itself to exercise a jurisdiction which does not belong to it, its decision AMOUNTS TO NOTHING, AND DOES NOT CREATE A NECESSITY FOR AN APPEAL.

## Claim II

The federal grand jury subpoena for the Plaintiff's phone records, for (408) 446-3850, from which all of the evidence in the case is the fruit thereof, was never entered on the court docket as an exhibit. Thus, pursuant to Rule 403 of the Evidence Code NONE of the proffered evidence of the subpoena is admissible, leaving there to be no subject matter.

## Claim III

The FBI admitted, under a federal court order, (C-02-0636 MHP), that the federal grand jury SUBPOENA WAS NEVER SERVED NOR DID IT EVER EXIST. An admitted fact that shows that the prosecution committed fraud upon the court for the trial court to acquire jurisdiction of subject matter and of person. Whereby,

1  this fact, showing a lack of jurisdiction, being brought to
2  the attention of the court/judge, it became the duty of
3  the court to declare the Alameda County Superior Court
4  judgement void, in Case No. H-12210-A, as mandated by Law
5  and the Court's holdings in [99 Cal. App. 2d 523 n8].

## Claim IV

7  The Alameda County Superior Court, in collusion with the
8  prosecution, in Case No. H-12210-A took upon itself to exercise a
9  jurisdiction which did not belong to it, when it issued an
10 arrest warrant for the Plaintiff and proceeded to render a
11 judgment against him. Wherefore, its decisions AMOUNT TO
12 NOTHING AND DOES NOT CREATE A NECESSITY FOR AN APPEAL.
13 After taking on a jurisdiction which did not belong to them, the
14 trial court judges refused/failed to answer/respond to the
15 jurisdictional question presented to them repeatedly, in
16 collusion with the conspiracy to murder the Plaintiff under the
17 Color of Law and authority, WHO IS INNOCENT OF ALL CHARGES.

## Conclusion

19 The defense/the Court, cannot claim the Plaintiff to be a
20 vexatious litigant, when all previous cases lack jurisdiction of
21 subject matter and of person, with there being NO SUBPOENA.

## Relief Sought

23 To declare the Alameda County judgment void for lack of subject
24 matter jurisdiction and for fraud committed on the court, (NO SUBPOENA).

## Verification

26 I declare under penalty of perjury that the foregoing is true and correct.
27 Dated: June 9, 2020            Respectfully Submitted
28                                Steven Wayne Bonella

1 Steven Wayne Bonilla / Petitioner

2 J-48500, 3-EY-13, San Quentin, CA 94974

3

4 Superior Court of California – County of Napa

5

6 In re: to the matter of          Case No

7 Steven Wayne Bonilla's       Challenging the Court's Jurisdiction of all

8 Prior Court's Rulings          Prior Rulings/Judgments By Judge Ortez,

9 Without Jurisdiction           Fisher, Boessenecker, Hill, including

10                                       the attached.

11

12

13    A court may not rule on a case without first determining that it has

14 jurisdiction of subject matter and of person. Without jurisdiction the court

15 cannot proceed at all in any cause, and any judgment or order is void on its face.

16 The court has a specific obligation to satisfy itself, not only its own jurisdiction,

17 but also that of the court in a cause under review, and if, as here, the record

18 discloses that the reviewing court was without jurisdiction because the

19 grand jury subpoena was never served, as admitted by the FBI under a federal

20 court order, C-02-0636 MHP, the proper course is to dismiss on that ground. [533 US

21 88, 549 US 422, 35 Cal.4th 180, 107 Cal.App 288], and a ministerial duty [99 Cal.App 2d 523 h 8],

22 owed to the Plaintiff. To willfully deprive him of this Constitutional or

23 Statutory right is a federal crime [18 USC § 242]; and conspiring with the court under

24 review to accomplish the same, makes it a federal crime. [18 USC § 241].

25    Verification – I declare under penalty of perjury that the foregoing is

26 true and correct, pursuant to 28 USC § 1746 on May 31, 2020.

27                                          Respectfully Submitted

28                                          Steven Wayne Bonilla



## Superior Court of California
## County of Napa
## 825 Brown Street
## Napa CA  94559
## [707] 299-1130

# Document Return Notice

Your document is being returned for the  following reason:

☐ Non-payment of mandatory filing fee. Amount due $
 Date party notified by telephone:

☐ Documents are for another county

☐ Documents returned at party's request. Date requested:

☐ Documents are not signed

☐ Documents are incomplete

☐ Notice and Acknowledgment of Receipt forms must be attached to a Proof of Service form.

☐ 'Correction' of writ: Please submit a new document. The Clerk's Office cannot modify issued documents. GC§6200.

☐ Notices of Non-Availability are not filed in this court.

☐ Dismissals must specify what is being dismissed and whether with or without prejudice. CCP §581

☐ Documents submitted for filing must contain the name, address, and state bar number of counsel, or the name and address of self-represented parties. CRC 2.111

☐ Date, time and location of hearing must be stated on face of document.

☒ Other: Cannot file as you have been named as a Vexatious Litigant.

Steven Wayne Bonilla / Petitioner

J-48500, 3-EY-13, San Quentin CA 94974

Superior Court of California
County of Napa

Steven Wayne Bonilla,          Case No.

Plaintiff,

vs                    Civil Rights Complaint

Court Clerk Supervisor,

Respondent.              ~Expedited Review Requested~

Introduction

By the court clerk's office erroneously refusing / failing to file a petition CHALLENGING the judge's ruling without jurisdiction by claiming that the case is closed, or that it was sent to the wrong court, or claim that a vexatious litigant rule applies, has no bearing on my Constitutional Right to collaterally attack a void judgment or order ANYWHERE, AT ANY TIME AND IN ANY PLACE. [31 C. 342; 148 C.A. 2d B45]. The Court Clerk's office is acting in collusion with the judge to willfully deprive me of my Constitutional and Statutory Rights, by practicing law without a license. It is the judge's duty, and obligation to respond to the CHALLENGE.

Claim I

The law is very clear, a person cannot be precluded, no barred, from raising the jurisdictional question, for any reason, [67 F.R.D. 22, 25; 49 US 495]. A void judgment or order is a legal nullity; when it is rendered by a judge lacking subject matter jurisdiction. It is void on its face. [607 F.Supp. 11, 15; 35 Cal 4th 180]. Thus, in the

—1—

absence of subject matter jurisdiction, the judge has no power or authority to close a case, or to transfer it, or claim me a vexatious litigant, without first determining that he has jurisdiction of subject matter and of person. He is under an obligation not only have his own jurisdiction, but also that of the court under review. And if as here, the record of the court under review was without jurisdiction, because the subpoena was never served, nor existed, the proper course is to dismiss the action on that ground. [523 US 83; 549 US 422; 824 F.3d 1161].

Wherefore, any ruling rendered without subject matter jurisdiction of the court under review, [Alameda County, Superior Court, Case no. H-12210-A), imposes no duties, confers no rights, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it by the court clerk or its office.

## Conclusion

Pursuant to 18 USC § 242 it is a federal crime for the judge to willfully deprive me of my Constitutional and Statutory Rights; 18 USC § 241 makes it a federal crime for the County Court Clerk's Office to conspire with the judge to accomplish the same.

## Relief Sought

(1). For the court clerk's office not to preclude, nor bar, me, Steven Wayne Bonilla, from raising the jurisdictional question.

(2). To file my petition attacking / CHALLENGING the judge's ruling without jurisdiction of the court under review.

## Verification

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746 on May 17, 2020,

Respectfully, Submitted
Steven Wayne Bonilla

-2-

Steven Wayne Bonilla

J-48500, 3-EY-13

San Quentin, CA 94974

Petitioner

## Superior Court of California
## County of Napa

| | |
|---|---|
| In re; to the matter of | Case No. |
| Steven Wayne Bonilla's | A Reviewing Court's Ruling Without |
| Void Judgments of Alameda | the Subject Matter Jurisdiction of the |
| County, Case no.H-12210-A | Court in a cause under review, is |
| and this Reviewing court | Void on its face. [523 US 83; 549 US |
| NOW | 422; 824 F. 3d 1161; 21 Howard 506]. |
| BEING CHALLENGED. | — Expedited Review Requested — |

### Legal Argument / Claim

A court may not rule on a case without first determining that it has jurisdiction of subject matter and of person. Without jurisdiction no court can proceed at all in any cause. And any judgment or order rendered by such court, is void on its face. And a Reviewing court has a specific obligation to itself, not only of its own jurisdiction, but also that of the court in a cause under review. And if, as here, the record discloses that the court under review was without jurisdiction; because the federal grand subpoena, from which all of the evidence in the case, is the fruit thereof, was never served, as admitted to by the FBI, under a federal court order in Case No. C-02-0636 MHP, the proper course is to dismiss on

-1-

1  that ground by a superior or inferior court, pursuant to Case Law.
2  [523 US 83; 549 US 422; 35 Cal.4th 180; 107 Cal.App. 288; 21 Howard 506].
3  And it's a ministerial, statutory duty to do so, pursuant to Case
4  Law, [99 Cal.App. 2d 523 n 8], that is owed to the Plaintiff. To wilfully
5  deprive him of his guaranteed Constitutional and Statutory Right is
6  a federal crime in violation of, [18 USC § 242]. And by conspiring
7  with the court under review to accomplish the same
8  makes it a federal crime in violation of, [18 USC § 241].
9     Because any judgment or order rendered by a reviewing court
10  lacking subject matter jurisdiction of the court in a cause
11  under review is void on its face, makes all previous rulings
12  by all courts a nullity. And therefore, this Honorable court has
13  a ministerial, statutorial, and Constitutional DUTY to vacate
14  the Alameda County Superior Court judgment forthwith, in Case No.
15  H-12210-A, or be in violation of a conspiracy to murder an
16  innocent citizen under the color of Law and Authority [Penal Code § 182].
17     Required Relief.
18  To vacate the Alameda County judgment for lack of subject
19  matter jurisdiction, and for fraud committed upon the court
20  by falsely claiming that the subpoena was never served that
21     NEVER EXISTED.
22
23
24     Verification
25  I declare under penalty of perjury that the foregoing is true and
26  correct, including Case Law citings, pursuant to 28 USC § 1746 on May 17, 2020.
27     Respectfully Submitted
28     Steven Wayne Bonilla

-2-

1 Steven Wayne Bonilla / Petitioner

2 J-48500, 3-EY-13, San Quentin CA 94974

3

4 Superior Court of California — County of Napa

5

6 Steven Wayne Bonilla,          Case No.

7 Plaintiff,

8         vs                Court's Ruling in a USURPED AUTHORITY

9 Elia M. Ortez, Francesca P. Fisher,    18 CR 405/2774/ §2153/1925/17 CR 3654

10 Mark S. Boessenecker, Brian Hill, Julie  — Expedited Review Requested —

11 Oliver, Defendants

12                Introduction / Claim

13    There is clearly NO JURISDICTION over the subject-matter, pursuant to

14 Rule 403 of the Evidence Code. Because NONE of the proffered evidence of the

15 federal subpoena, for phone records for (408) 446-3850 is admissible. Therefore,

16 pursuant to F.R.Civ.P. 12(h)(3), the Court MUST dismiss the action. [67 F.R.D.

17 22, 25]. Which makes the Court's ruling/action, without jurisdiction,

18 A USURPED AUTHORITY ruling or act. [80 U.S. 335 n6].

19    When the judge, as here, fails to vacate the judgment, the

20 judge forefeits judicial immunity. [552 F.2d 172].

21                Relief Required

22    The Alameda County's void judgment in Case No. H-12210-A, can be

23 collaterally attacked anywhere. [148 Cal. app. 2d 845]. Therefore, declare the

24 judgment void or accept liability, for the conspiracy's damages.

25 Verification — I declare under penalty of perjury that the foregoing is true

26 and correct, pursuant to 28 USC §1746 on April 15, 2020 at San Quentin.

27          RECEIVED      Respectfully Submitted

28          MAY 18 2020   Steven Wayne Bonilla
          Napa Superior Court

Steven Wayne Bonilla / Petitioner
J-48500, 3-EY-13, San Quentin CA 94974

Superior Court of California
County of Napa

Steven Wayne Bonilla,          Case No.
   Plaintiff,                  Collaterally attacking / Challenging
       v                       the Court's Ruling in Cases no.
Elia M. Ortez,                 18 CR 4045/2774/2153/17 CR 3654
Francisca P. Tisher,           - Expedited Review Requested-
mark S. Boessenecker,
Brian Hill,
Julie Oliver
   Defendants
                    Introduction
any judgment or order lacking subject matter jurisdiction
is void on its face. A reviewing court's jurisdiction is limited
to reversing the trial court's void acts. [35 Cal. 4th 180].
                    Claim I
A void order or judgment is subject to collateral attack
at any time and in any place. [148 Cal. App. 2d 845].
                    Claim II
Once jurisdiction is challenged the court cannot proceed
when it clearly appears, that the court lacks jurisdiction,
because all of the evidence is the fruits of a subpoena that
was never entered on the court docket as an exhibit; the court
has no authority to reach merit, but should dismiss the action.

-1-

505 F.2d 1026; Evidence Code §403; Federal Rules of Civil Procedure 12(h)
(3); 60(b)(4). There is no discretion to ignore lack of jurisdiction.
[474 F.2d 215, 219]. Once challenged it must be proven [100 S.Ct. 2502]

## Claim III

The court may not rule without first determining that
it has subject matter jurisdiction. Res judicata does not
apply to a judgment that rest on a lack of jurisdiction as
held by the Ninth Circuit in Ruiz v. Snohomich, [824 F.3d 1161].

## Claim IV

A person cannot be precluded, no barred, from
CHALLENGING the Court's lack of subject matter jurisdiction
for any reason. [116 F.2d 449, 453; 490 US 495; 404 F.Supp. 664, 665].

## Claim V

Where there is clearly no jurisdiction, as here, over the subject
matter, any authority exercised is a USURPED AUTHORITY.
NO EXCUSE IS PERMISSIBLE. [80 US 335 n 6].

## Relief Sought

The court cannot show that the federal subpoena for (408) 446-3850
phone records was ever entered on the Court docket as an exhibit.
Therefore, it must vacate the Alameda County's judgment in case
no. 4-1220-A, as a duty owed to the Plaintiff, or be in statutory
default and liable for the conspiracy's damages.

## Verification

I declare under penalty of perjury that the foregoing
is true and correct, pursuant to 28 USC § 1746.
Dated: April 15, 2020

Respectfully Submitted
Steven Wayne Bonilla

-2-

1  Steven Wayne Bonilla / Petitioner
2  J-48500, 3-EY-13, San Quentin, CA 94974
3
4                    Superior Court of California
5                     County of Napa
6
7  In re: to the matter of        Case No.
8  Steven Wayne Bonilla's         CHALLENGING JURISDICTION cannot be
9  Alameda County's Void          PRECLUDED anywhere at any time
10 judgment-Case No. H-12210-A    [116 F.2d 449, 453; 148 Cal. App. 2d 845].
11                                — Expedited Review Requested—
12
13                    Legal Argument / Claim
14  when a trial court's judgment is being collaterally attacked
15 for lack of subject matter jurisdiction, the reviewing court
16 must not only have its own jurisdiction of subject matter but
17 also that of the court under review. When the claim cannot
18 be disputed, that the subpoena was never entered on the
19 court docket as an exhibit, the reviewing court's
20 jurisdiction is limited to reversing the trial court's void
21 judgment. [35 Cal. 4th 180; 523 US 83; 549 US 422; 824 F.3d 1161].
22                    Relief Sought
23  Reverse the trial court's judgment for lack of jurisdiction,
24                    Verification
25  I declare under penalty of perjury that the foregoing is
26 true and correct pursuant to 28 USC §1746 on May 17, 2020
27                                Respectfully Submitted
28                                Steven Wayne Bonilla

RECEIVED

MAY 2 6 2020

Napa Superior Court

Steven Wayne Bonilla /Petitioner
J-48500, 3-EY-13, San Quentin, CA 94974

Addendum

A court may not rule on a case without first determining that it has jurisdiction of subject matter and of person. Without jurisdiction the court cannot proceed at all in any cause; and any judgment or order is void on its face. The court has a special obligation to satisfy itself, not only of its own jurisdiction, but also that of the lower court in a cause under review, and if, as here, the record discloses that the lower court was without jurisdiction, the proper course is to dismiss on that ground. [523 US 83, 549 US 422 35 Cal.4th 180]. The trial court lacked jurisdiction because the federal grand jury subpoena for phone records (408) 446-3850, was never served, as admitted by the FBI under a federal court order, C-02-0636 MHP.

Verification

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746 on May 17, 2020.

Respectfully Submitted
Steven Wayne Bonilla



1  Steven Wayne Bonilla / Petitioner
2  T-48500, 3-EY-13, San Quentin, CA 94974
3
4              Superior Court of California
5                County of Napa
6
7  Steven Wayne Bonilla,              Case No.
8     Plaintiff,
9        vs                      Civil Rights Complaint
10 Court Clerk Supervisor,
11    Respondent.           — Expedited Review Requested —
12
13                    Introduction
14    By the Court Clerk's Office erroneously refusing/failing to file a
15 petition CHALLEGING the judge's ruling without jurisdiction by claiming
16 that the case is closed, or that it was sent to the wrong court, or
17 claiming that a vexatious litigant rule applies, has no bearing on my
18 Constitutional Right to collaterally attack a void judgment or order
19 ANYWHERE, AT ANY TIME, AND IN ANY PLACE. [31 C. 342; 148 C.A. 2d 845]. The Court Clerk's
20 Office is acting in collusion with the judge to willfully deprive me of
21 my Constitutional and Statutory Rights, by practicing law without a
22 license. It is the judge's duty and obligation to respond to the CHALLENGE.
23                    Claim I
24    The law is very clear, a person cannot be precluded, nor barred, from
25 raising the jurisdictional question for any reason, [67 F.R.D. 22,25; 49
26 US 495]. A void judgment or order is a legal nullity; when it is
27 rendered by a judge lacking jurisdiction of subject matter.
28 It is void on its face. [607 F. Supp. 11, 15; 35 Cal. 4th 180]. Thus, in RECEIVED

JUN 1 5 2020

NAPA SUPERIOR COURT

absence of subject matter jurisdiction, the judge has no power or authority to close a case, or transfer it, or claim me a vexatious litigant, without first determining that he has jurisdiction of subject matter and of person. He is under an obligation to not only have his own jurisdiction, but also that of the court under review. And if, as here, the record of the court under review was without jurisdiction, because the subpoena was never served, nor existed, the proper course is to dismiss the action on that ground. [523 US 83; 549 US 422; 824 F.3d 1161]. Wherefore, any ruling rendered without subject matter jurisdiction of the court under review, (Alameda County Superior Court, Case No. H-12210-A), imposes no duties, confers no rights, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it by court clerk or its office.

## Conclusion

Pursuant to 18 USC § 242 it is a federal crime for the judge to willfully deprive me of my Constitutional and Statutory Rights; 18 USC § 241 makes it a federal crime for the county, court Clerk's Office to conspire with the judge to accomplish the same.

## Relief Sought

(1). For the Court Clerk's office not to preclude, nor bar, me, Steven Wayne Bonilla, from raising the jurisdictional question.

(2). To file my petition attacking / CHALLENGING, the judge's ruling without jurisdiction of the court under review.

## Verification

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746 on May 17, 2020.

Respectfully Submitted
Steven Wayne Bonilla

2

Steven Wayne Bonilla / Petitioner
J-48500, 3-EY-13, San Quentin, CA 94974

Superior Court of California
County of Napa

Steven Wayne Bonilla,          Case No.
   Plaintiff,                  The judge declined to exercise the
      vs                       jurisdiction he was given and usurped
Elia M. Ortez,                 that which he was not given, in an act
   Defendant,                  of treason to the Constitution [499 US 200].
                               — Expedited Review Requested —

Pursuant to Case Law, [99 Cal, App. 2d 523 n 8], when it was brought to the attention of the judge, that the FBI admitted, under a federal court order, (C-02-0636 MHP), that the subpoena was never served nor existed, a fact showing a lack of jurisdiction, the judge was under a duty to declare the judgment void. The judge had no more right to decline the exercise of this jurisdiction, which was given, than to usurp that which was not given. By the judge doing one or the other was treason to the Constitution as held by Case Law [6 Wheat 264, 499 US 200].

Relief Mandated By Law

To declare the Alameda County judgment void in Case No. H-12210-A, for lack of jurisdiction and fraud committed upon the court, (NO SUBPOENA).

Verification

I declare under penalty of perjury that the foregoing is true and correct.
Dated: June 4, 2020                    Respectfully Submitted
                                       Steven Wayne Bonilla

1  Steven Wayne Bonilla
2  J-48500, 3-EY-13
3  San Quentin, CA 94974
4  Petitioner

9  In re: to the matter of          Case No.  Addendum
10 Steven Wayne Bonilla's           A Reviewing Court's Ruling Without
11 Void Judgments of Alameda        the Subject Matter Jurisdiction of the
12 County, Case No. H-12210-A        Court in a cause under review, is
13 And this Reviewing Court         Void on its face, [523 US 83; 549 US 422;
14      NOW                          824 F.3d 1161; 21 Howard 506].
15 BEING CHALLENGED.                 - Expedited Review Requested -

17              Legal Argument / Claim
18  A court may not rule on a case without first determining that it
19 has jurisdiction of subject matter and of person. Without jurisdiction
20 no court can proceed at all in any cause. And any judgment or
21 order rendered by such court is void on its face, and a reviewing
22 court has a specific obligation to itself, not only of its own
23 jurisdiction, but also that of the court in a cause under review.
24 And if, as here, the record discloses that the court under review
25 was without jurisdiction; because the federal grand jury subpoena,
26 from which all of the evidence in the case, is the fruit thereof,
27 was never served, as admitted to by the FBI, under a federal court
28 order in Case No. C-02-0636 MHP, the proper course is to dismiss on

-1-

1  that ground by a superior or inferior court, pursuant to Case Law.

2  [523 US 83; 549 US 422; 35 Cal.4th 180; 107 Cal.App.288; 21 Howard 506].

3  And it's a ministerial, statutory duty, to do so, pursuant to Case

4  Law, [99 Cal.App. 2d 523 n 8], that is owed to the Plaintiff. To wilfully

5  deprive him of his guaranteed Constitutional and Statutory Right is

6  a federal crime in violation of, [18 USC § 242]. And by conspiring

7  with the court under review to accomplish the same

8  makes it a federal crime in violation of, [18 USC § 241].

9     Because any judgment or order rendered by a reviewing court

10  lacking subject matter jurisdiction of the court in a cause

11  under review is void on its face, makes all previous rulings

12  by all courts a nullity. And therefore, this Honorable court has

13  a ministerial, statutorial, and Constitutional DUTY to vacate

14  the Alameda County Superior Court judgment forthwith, in Case No.

15  H-12210-A, or be in violation of a conspiracy to murder an

16  innocent citizen under the color of Law and Authority [Penal Code § 182].

17     Required Relief.

18  To vacate the Alameda County judgment for lack of subject

19  matter jurisdiction, and for fraud committed upon the court

20  by falsely claiming that the subpoena was never served that

21  NEVER EXISTED.

22

23

24  Verification

25  I declare under penalty of perjury that the foregoing is true and

26  correct, including Case Law citings, pursuant to 28 USC § 1746 on May 17, 2020.

27  Respectfully Submitted

28  Steven Wayne Bonilla

-2-

1 Steven Wayne Bonilla / Petitioner
2 J-48500, 3-EY-13, San Quentin, CA 94974
3
4
5
6
7 Steven Wayne Bonilla,        Case No.   Addendum
8     Plaintiff,                Challenging this Court's Ruling
9       vs                       —OBSTRUCTION OF JUSTICE—
10                              Know the Difference Between a
11                              Jurisdictional Challenge and a Habeas
12                              Corpus Petition on Appeal, So as not
13                              to lose Judicial Immunity By Ruling
14                              Without Subject Matter Jurisdiction.
15                              —Expedited Review Requested—
16
17                              Introduction
18 Challenging the Court's subject matter jurisdiction is an
19 independent, separate action from a habeas corpus appeal, even when
20 made directly to the court that rendered the void judgment. It is not a habeas
21 corpus petition appealing the verdict, it is simply making a claim that the
22 court lacked authority, to hear or to make any decision on the issue that was
23 presented by the prosecution that committed fraud upon the court.
24                              Claim I
25 Extrinsic fraud, mistake, or a judgment void on its face of the
26 record are the ONLY CASES where an independent, collateral attack
27 may be made ANYWHERE, AT ANY TIME, AND IN ANY PLACE in an
28 independent, separate action, including seeking the same

-1-

relief, in the court that rendered the void judgment, pursuant to [85 Cal. App. 2d 476, 31 Cal. 342, 148 Cal. App. 2d 845, 246 Cal. 2d 334, 273 Cal. App. 2d 176, 14 Cal. 85, 62 Cal. App. 753, 95 F. Supp. 962]. Once Challenged it must be proven [100 S. Ct. 2502]. There is no discretion to ignore lack of jurisdiction [474 F. 2d 215, 219] Any judgment or order lacking subject matter jurisdiction is void on its face. A reviewing court's jurisdiction is limited to reversing the trial court's void acts [35 Cal. 4th 180]

## Claim II

A person cannot be precluded from raising the jurisdictional question for any reason [116 F. 2d 449, 453], nor can he be barred from doing so for any reason, [49 US 495]. To do so is a deprivation of rights violation, [18 USC § 242].

## Claim III

Once Challenged, the court cannot proceed until the subject matter jurisdictional question has been proven on the record to exist [67 F.R.D. 22, 25; 100 S. Ct. 2502, 33 Cal. 505]. But, in this case, the subject matter jurisdiction cannot be proven; because the federal grand jury subpoena for the Plaintiff's phone records, for (408) 446-3850, NEVER EXISTED. Thus, NONE of the fruit of a subpoena that NEVER EXISTED is admissible. NONE of the proffered evidence of a subpoena, that was never entered on the court docket, as an exhibit, is admissible per [Evidence Code Rule 403].

## Claim IV

With there being no subject matter admissible into evidence, according to the rules of court, there is no subject matter jurisdiction and the court must vacate the judgment, as mandated by [F.R. Civ.P. 12 (h) (3), 60 (b) (3), (4), California Code of Civil Procedure § 1916, § 1917, 505 F. 2d 1026].

## Claim V

The court may not rule without first determining that it has subject matter jurisdiction, [824 F. 3d 1161], especially when the court's subject matter jurisdiction is being challenged. There can be no

subject matter jurisdiction based on a federal grand jury, subpoena that NEVER EXISTED. Which makes this court's prior decisions, were made without subject matter jurisdiction, for the willful deprivation of rights, 18 USC §242, makes it a federal crime for a government official to willfully deprive someone of their Constitutional or Statutory Rights; 18 USC §141 makes it a federal crime, for a government official to conspire to accomplish the same. Which the judges and court clerks have accomplished by failing/refusing to perform their ministerial duty owed to the Plaintiff to declare the judgment void, as a matter of law [99C, A2d 523 n 8].

## Claim VI

Where, as here, there is clearly no jurisdiction over subject matter, any authority exercised, as this court has done, is a USURPED AUTHORITY. And when the jurisdiction has been CHALLENGED, as here, NO EXCUSE IS PERMISSIBLE, per [80 US 335 n 6]. Wherefore, allowing this court's prior decision(s) to stand, is to deliberately and intentionally, aid in the prosecution's conspiracy. Who committed fraud upon the court by fraudulently claiming that the phone records were obtained by the FBI, pursuant to a federal grand jury subpoena, that they knew NEVER EXISTED, (admitted under court order [C-02-636 MHP]), in order to murder Steven Bonilla under the Color of Law and authority. This court's prior decisions/rulings were made without subject matter jurisdiction, in a clear usurpatious manner to aid in the conspiracy to willfully deprive the Petitioner of his Constitutional Rights. If this is not true, then the court must perform its ministerial duty owed to the Plaintiff.

## Relief Sought

To declare the Alameda County judgment void in Case No. H-12210-A.

I declare under penalty of perjury that the foregoing is true and correct [28 USC §1746].

Dated: June 11, 2020                    Respectfully Submitted

                                        Steven Wayne Bonilla

-3-

Steven Wayne Bonilla / Petitioner

J-48509,3-EY-13, San Quentin CA 94974

Superior Court of California
County of Napa

| Steven Wayne Bonilla, | Case No. |
| Plaintiff, | The judge declined to exercise the |
| vs | jurisdiction he was given and usurped |
| Francisca P. Tisher, | that which he was not given in an act |
| Defendant, | of treason to the Constitution, [499 US 200] |

Pursuant to Case Law [99 Cal. App. 2d 523 n 8] when it was brought to the attention of the judge, that the FBI admitted, under a federal court order, (C-02-0636 MHP) that the subpoena was never served nor existed, a fact showing a lack of jurisdiction, the judge was under a duty to declare the judgment void. The judge had no more right to decline the exercise of this jurisdiction, which was given, than to usurp that which was not given. By the judge doing one or the other was treason to the Constitution as held by Case Law, [6 wheat 264; 499 US 200].

Relief Mandated By Law

To declare the Alameda County, judgment void in Case No. H-12210-A, for lack of jurisdiction and fraud committed upon the court, (NO SUBPOENA).

Verification

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2020                    Respectfully Submitted

                                       Steven Wayne Bonilla

1  Steven Wayne Bonilla
2  J-48500, 3-EY-13
3  San Quentin, CA 94974
4  Petitioner
5
6
7
8
9  In re: to the matter of          Case No.   Addendum
10 Steven Wayne Bonilla's           A Reviewing Court's Ruling Without
11 Void Judgments of Alameda        the Subject Matter Jurisdiction of the
12 County, Case No. H-12210-A       Court in a cause under review, is
13 And this Reviewing Court         Void on its face, [523 US 83; 549 US 422;
14      NOW                         824 F.3d 1161; 21 Howard 506].
15 BEING CHALLENGED.                — Expedited Review Requested —
16
17                 Legal Argument / Claim
18 A court may not rule on a case without first determining that it
19 has jurisdiction of subject matter and of person. Without jurisdiction
20 no court can proceed at all in any cause. And any judgment or
21 order rendered by such court is void on its face, and a reviewing
22 court has a specific obligation to itself, not only of its own
23 jurisdiction, but also that of the court in a cause under review.
24 And if, as here, the record discloses that the court under review
25 was without jurisdiction; because the federal grand jury subpoena,
26 from which all of the evidence in the case, is the fruit, thereof,
27 was never served, as admitted to by the FBI, under a federal court
28 order in Case No. C-02-0636 MHP, the proper course is to dismiss on

that ground by a superior or inferior court, pursuant to Case Law, [523 US 83; 549 US 422; 35 Cal. 4th 180; 107 Cal. App. 288; 21 Howard 506]. And it is a ministerial, statutory duty to do so, pursuant to Case Law, [99 Cal. App. 2d 523 n 8], that is owed to the Plaintiff. So wilfully deprive him of his guaranteed Constitutional and Statutory Right is a federal crime in violation of, [18 USC § 242]. And by conspiring with the court under review to accomplish the same makes it a federal crime in violation of, [18 USC § 241].

Because any judgment or order rendered by a reviewing court lacking subject matter jurisdiction of the court in a cause under review is void on its face, makes all previous rulings by all courts a nullity. And therefore, this Honorable court has a ministerial, statutorial, and Constitutional DUTY to vacate the Alameda County Superior Court judgment forthwith, in Case No. H-12210-A, or be in violation of a conspiracy to murder an innocent citizen under the color of Law and Authority [Penal Code § 182].

Required Relief

To vacate the Alameda County judgment for lack of subject matter jurisdiction, and for fraud committed upon the court by falsely claiming that the subpoena was never served that NEVER EXISTED.

Verification

I declare under penalty of perjury that the foregoing is true and correct, including Case Law citings, pursuant to 28 USC § 1746 on May 17, 2020.

Respectfully Submitted
Steven Wayne Bonilla

- 2 -

Steven Wayne Bonilla / Petitioner
J-48500, 3-EY-13, San Quentin, CA 94974

Steven Wayne Bonilla,        Case No.   Addendum
    Plaintiff,               Challenging this Courts Ruling
        vs                   —OBSTRUCTION OF JUSTICE—
                             Know the Difference Between a
                             Jurisdictional Challenge and a Habeas
                             Corpus Petition on Appeal, So as not
                             to lose Judicial Immunity By Ruling
                             Without Subject Matter Jurisdiction.
                             —Expedited Review Requested—

## Introduction

Challenging the Court's subject matter jurisdiction is an independent, separate action from a habeas corpus appeal, even when made directly to the court that rendered the void judgment. It is not a habeas corpus petition appealing the verdict, it is simply making a claim that the court lacked authority to hear or to make any decision on the issue that was presented by the prosecution that committed fraud upon the court.

## Claim I

Extrinsic fraud, mistake, or a judgment void on its face of the record are the ONLY CASES where an independent collateral attack may be made ANYWHERE, AT ANY TIME, AND IN ANY PLACE in an independent, separate action, including seeking the same

relief, in the court that rendered the void judgment, pursuant to [85 Cal. App. 2d 476, 31 Cal. 342, 148 Cal. App. 2d 845, 246 Cal. 2d 334, 273 Cal. App. 2d 176, 14 Cal. 85, 62 Cal. App. 753, 95 F. Supp 962]. Once Challenged it must be proven [100 S. Ct 2502]. There is no discretion to ignore lack of jurisdiction [474 F. 2d 215, 218] Any judgment or order lacking subject matter jurisdiction is void on its face. A reviewing courts jurisdiction is limited to reversing the trial courts void acts [35 Cal. 4th 180]

### Claim II

A person cannot be precluded from raising the jurisdictional question for any reason [116 F. 2d 449, 453], nor can he be barred from doing so for any reason [49 US 495]. To do so is a deprivation of rights violation [18 USC §242].

### Claim III

Once Challenged, the court cannot proceed until the subject matter jurisdictional question has been proven on the record to exist [67 F.R.D. 22, 25, 100 S. Ct. 2502, 33 Cal. 505]. But, in this case, the subject matter jurisdiction cannot be proven; because the federal grand jury subpoena for the Plaintiff's phone records, for (408) 446-3850, NEVER EXISTED. Thus, NONE of the fruit of a subpoena that NEVER EXISTED is admissible. NONE of the proffered evidence of a subpoena, that was never entered on the court docket, as an exhibit, is admissible per [Evidence Code Rule 403].

### Claim IV

With there being no subject matter admissible into evidence, according to the rules of court, there is no subject matter jurisdiction and the court must vacate the judgment, as mandated by [F. R. Civ P. 12 (h) (3), 60 (b) (3), (4), California Code of Civil Procedure §1916, §1917, 505 F. 2d 1026].

### Claim V

The court may not rule without first determining that it has subject matter jurisdiction, [824 F. 3d 1161], especially when the court's subject matter jurisdiction is being challenged. There can be no

1 subject matter jurisdiction based on a federal grand jury subpoena that
2 NEVER EXISTED. Which makes this court's prior decisions, were made
3 without subject matter jurisdiction, for the willful deprivation of
4 rights, 18 USC §242, makes it a federal crime for a government official to willfully
5 deprive someone of their Constitutional or Statutory Rights; 18 USC §241 makes
6 it a federal crime for a government official to conspire to accomplish
7 the same. Which the judges and court clerks have accomplished by
8 failing/refusing to perform their ministerial duty owed to the
9 Plaintiff to declare the judgment void, as a matter of law [99 C, A 2d 523 n 8].

## Claim VI

11 Where, as here, there is clearly no jurisdiction over subject matter, any
12 authority exercised, as this court has done, is a USURPED AUTHORITY. And
13 when the jurisdiction has been CHALLENGED, as here, NO EXCUSE IS PERMISSIBLE,
14 per [80 US 335 n 6]. Wherefore, allowing this court's prior decision(s) to stand,
15 is to deliberately and intentionally, aid in the prosecution's conspiracy.
16 Who committed fraud upon the court by fraudulently claiming that the
17 phone records were obtained by the FBI, pursuant to a federal grand jury
18 subpoena, that they knew NEVER EXISTED, (admitted under court order (C-02-
19 636 mHp), in order to murder Steven Bonilla under the color of law and authority.
20 This court's prior decisions/rulings were made without subject matter
21 jurisdiction, in a clear usurpatious manner to aid in the conspiracy to
22 willfully deprive the Petitioner of his Constitutional Rights. If this is not true,
23 then the court must perform its ministerial duty owed to the Plaintiff.

## Relief Sought

25 To declare the Alameda County judgment void in Case No. H-12210-A,
26 I declare under penalty of perjury that the foregoing is true and correct [28 USC §1746].
27 Dated: June 11, 2020                    Respectfully Submitted
28                                          Steven Wayne Bonilla

Steven Wayne Bonilla / Petitioner

J-48500, 3-EY-13, San Quentin, CA 94974

Superior Court of California

County of Napa

Steven Wayne Bonilla,          Case No.

   Plaintiff,                The judge declined to exercise the
        vs                    jurisdiction he was given and usurped
Mark S. Boessenecker,         that which he was not given, in an act
   Defendant,                 of treason to the Constitution [499 US 200].
                              — Expedited Review Requested —

Pursuant to Case Law, [99 Cal. App. 2d 523 n 8], when it was brought to
the attention of the judge, that the FBI admitted, under a federal court
order, (C-02-0636 MHP), that the subpoena was never served nor existed,
a fact showing a lack of jurisdiction, the judge was under a duty to
declare the judgment void. The judge had no more right to decline
the exercise of this jurisdiction, which was given, than to usurp that
which was not given. By the judge doing one or the other was
treason to the Constitution as held by Case Law [6 wheat 264; 499 US 200].

Relief Mandated By Law

To declare the Alameda County judgment void in Case No. H-12210-A, for
lack of jurisdiction and fraud committed upon the court, (NO SUBPOENA).

Verification

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2020               Respectfully Submitted

                                  Steven Wayne Bonilla

1   Steven Wayne Bonilla
2   J-48500, 3-EY-13
3   San Quentin, CA 94974
4   Petitioner
5
6
7
8
9   In re: to the matter of          Case No.     Addendum
10  Steven Wayne Bonilla's          A Reviewing Court's Ruling Without
11  Void Judgments of Alameda        the Subject Matter Jurisdiction of the
12  County, Case No. H-12210-A       Court in a cause under review, is
13  And this Reviewing Court         Void on its face, [523 US 83; 549 US 422;
14        NOW                         824 F 3d 1161; 21 Howard 506].
15  BEING CHALLENGED.                — Expedited Review Requested —
16
17                    Legal Argument / claim
18  A court may not rule on a case without first determining that it
19  has jurisdiction of subject matter and of person. Without jurisdiction
20  no court can proceed at all in any cause. And any judgment or
21  order rendered by such court is void on its face. And a reviewing
22  court has a specific obligation to itself, not only of its own
23  jurisdiction, but also that of the court in a cause under review.
24  And if, as here, the record discloses that the court under review
25  was without jurisdiction; because the federal grand jury subpoena,
26  from which all of the evidence in the case, is the fruit thereof,
27  was never served, as admitted to by the FBI, under a federal court
28  order in Case No. C-02-0636 MHP, the proper course is to dismiss on

-1-

that ground by a superior or inferior court, pursuant to Case Law.
[523 US 83; 549 US 422; 35 Cal. 4th 180; 107 Cal. App. 288; 21 Howard 506].
And it is a ministerial, statutory duty to do so, pursuant to Case
Law, [99 Cal. App. 2d 523 n 8], that is owed to the Plaintiff. So willfully
deprive him of his guaranteed Constitutional and Statutory Rights
a federal crime in violation of, [18 USC § 242]. And by conspiring
with the court under review to accomplish the same
makes it a federal crime in violation of, [18 USC § 241].

Because any judgment or order rendered by a reviewing court
lacking subject matter jurisdiction of the court in a cause
under review is void on its face, makes all previous rulings
by all courts a nullity. And therefore, this Honorable court has
a ministerial, statutorial, and Constitutional DUTY to vacate
the Alameda County Superior Court judgment forthwith, in Case No.
H-12210-A, or be in violation of a conspiracy to murder an
innocent citizen under the color of Law and Authority [Penal Code § 182].

Required Relief.

To vacate the Alameda County judgment for lack of subject
matter jurisdiction, and for fraud committed upon the court
by falsely claiming that the subpoena was never served that
NEVER EXISTED.

Verification

I declare under penalty of perjury that the foregoing is true and
correct, including Case Law citings, pursuant to 28 USC § 1746 on May 17, 2020.

Respectfully Submitted
Steven Wayne Bonilla

Steven Wayne Bonilla / Petitioner
J-48500, 3-EY-13, San Quentin, CA 94974

Steven Wayne Bonilla,    Case No.    Addendum
    Plaintiff,    Challenging this Courts Ruling
    vs    —OBSTRUCTION OF JUSTICE—
    Know the Difference Between a
    Jurisdictional Challenge and a Habeas
    Corpus Petition on Appeal, So as not
    to lose Judicial Immunity By Ruling
    Without Subject Matter Jurisdiction.
    —Expedited Review Requested —

Introduction

Challenging the Court's subject matter jurisdiction is an independent, separate action from a habeas corpus appeal, even when made directly to the court that rendered the void judgment. It is not a habeas corpus petition appealing the Verdict. It is simply making a claim that the court lacked authority to hear or to make any decision on the issue that was presented by the prosecution that committed fraud upon the court.

Claim I

Extrinsic fraud, mistake, or a judgment void on its face of the record are the ONLY CASES where an independent collateral attack may be made ANYWHERE, AT ANY TIME, AND IN ANY PLACE in an independent, separate action, including seeking the same

1. relief in the court that rendered the void judgment, pursuant to [85 Cal. App.
2. 2d 476, 31 Cal. 342, 148 Cal. App. 2d 845, 246 Cal. 2d 334, 273 Cal. App. 2d 176, 14 Cal. 85, 62 Cal. App. 753,
3. 95 F. Supp 962]. Once Challenged it must be proven [100 S. Ct 2502]. There is no
4. descretion to ignore lack of jurisdiction [474 F. 2d 215, 219] Any judgment or
5. order lacking subject matter jurisdiction is void on its face. A reviewing
6. courts jurisdiction is limited to reversing the trial courts void acts [85 Cal 44th 180

Claim II

7. 
8. A person cannot be precluded from raising the jurisdictional question
9. for any reason [146 F. 2d 449, 453], nor can he be barred from doing so for any
10. reason [49 US 495]. To do so is a derprivation of rights violation [18 USC § 242].

Claim III

11. 
12. Once Challenged, the court cannot proceed until the subject matter
13. jurisdictional question has been proven on the record to exist [67 F.R.D.
14. 22, 25, 100 S. Ct 2502, 33 Cal. 505]. But, in this case, the subject matter
15. jurisdiction cannot be proven; because the federal grand jury
16. subpoena for the Plaintiff's phone records, for (408) 446-3850, NEVER EXISTED.
17. Thus, NONE of the fruit of a subpoena that NEVER EXISTED is admissible.
18. NONE of the proffered evidence of a subpoena, that was never entered
19. on the court docket, as an exhibit, is admissible per [Evidence Code Rule 403].

Claim IV

20. 
21. With there being no subject matter admissible into evidence, according to
22. the rules of court, there is no subject matter jurisdiction and the court
23. must vacate the judgment, as mandated by [F.R. Civ P 12 (h) (3), 60(b)(3)(4),
24. California Code of Civil Procedure §1916, §1917, 505 F. 2d 1026].

Claim V

25. 
26. The court may not rule without first determining that it has
27. subject matter jurisdiction, [824 F. 3d 1161], especially when the court's
28. subject matter jurisdiction is being challenged. There can be no

-2-

1 subject matter jurisdiction based on a federal grand jury subpoena that
2 NEVER EXISTED. Which makes this court's prior decisions, were made
3 without subject matter jurisdiction, for the willful deprivation of
4 rights, 18 USC § 242, makes it a federal crime for a government official to willfully
5 deprive someone of their Constitutional or Statutory Rights; 18 USC § 241 makes
6 it a federal crime for a government official to conspire to accomplish
7 the same. Which the judges and court clerks have accomplished by
8 failing/refusing to perform their ministerial duty owed to the
9 Plaintiff to declare the judgment void, as a matter of law [9 C, A 2d 523 n 8].

Claim VI

11 Where, as here, there is clearly no jurisdiction over subject matter, any
12 authority, exercised, as this court has done, is a USURPED AUTHORITY. And
13 when the jurisdiction has been CHALLENGED, as here, NO EXCUSE IS PERMISSIBLE,
14 per [80 US 335 n 6]. Wherefore, allowing this court's prior decision(s) to stand,
15 is to deliberately and intentionally, aid in the prosecution's conspiracy.
16 Who committed fraud upon the court by fraudulently claiming that the
17 phone records were obtained by the FBI, pursuant to a federal grand jury
18 subpoena, that they knew NEVER EXISTED, (admitted under court order (C-02-
19 636 MHP), in order to murder Steven Bonilla under the Color of Law and Authority.
20 This court's prior decisions/rulings were made without subject matter
21 jurisdiction, in a clear usurpatious manner to aid in the conspiracy to
22 willfully deprive the Petitioner of his Constitutional Rights. If this is not true,
23 then the court must perform its ministerial duty owed to the Plaintiff.

Relief Sought

25 To declare the Alameda County judgment void in Case No. H-12210-A.
26 I declare under penalty of perjury that the foregoing is true and correct [28 USC § 1746].
27 Dated: June 11, 2020             Respectfully Submitted
28                                  Steven Wayne Bonilla

Steven Wayne Bonilla / Petitioner

J-48500,3-EY-13, San Quentin CA 94974

Superior Court of California
County of Napa

Steven Wayne Bonilla,            Case No.

Plaintiff,                       The judge declined to exercise the

vs                               jurisdiction he was given and usurped

Brian Hill,                      that which he was not given in an act

Defendant,                       of treason to the Constitution, [499 US 200]

Pursuant to Case Law, [99 Cal. App. 2d 523 n 8], when it was brought to the

attention of the judge, that the FBI admitted, under a federal court order,

(C-02-0636 MHP) that the subpoena was never served nor existed, a fact

showing a lack of jurisdiction, the judge was under a duty to declare

the judgment void. The judge had no more right to decline the

exercise of this jurisdiction, which was given, than to usurp that

which was not given. By the judge doing one or the other was

treason to the Constitution as held by Case Law, [6 Wheat 264; 499 US 200].

Relief Mandated By Law

To declare the Alameda County judgment void in Case No. H-12210-A,

for lack of jurisdiction and fraud committed upon the court, (NO SUBPOENA).

Verification

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2020                  Respectfully Submitted

                                     Steven Wayne Bonilla

Steven Wayne Bonilla
J-48500, 3-EY-13
San Quentin, CA 94974
Petitioner

In re: to the matter of          Case No.  Addendum
Steven Wayne Bonilla's          A Reviewing Court's Ruling Without
Void Judgments of Alameda       the Subject Matter Jurisdiction of the
County, Case No. H-12210-A       Court in a cause under review, is
And this Reviewing Court         Void on its face, [523 US 83; 549 US 422;
          NOW                     824 F.3d 1161; 21 Howard 506].
BEING CHALLENGED.               — Expedited Review Requested —


          Legal Argument / Claim

A court may not rule on a case without first determining that it
has jurisdiction of subject matter and of person. Without jurisdiction
no court can proceed at all in any cause. And any judgment or
order rendered by such court is void on its face. And a reviewing
court has a specific obligation to itself, not only of its own
jurisdiction, but also that of the court in a cause under review.
And if, as here, the record discloses that the court under review
was without jurisdiction; because the federal grand jury subpoena,
from which all of the evidence in the case, is the fruit, thereof,
was never served, as admitted to by the FBI, under a federal court
order in Case No. C-02-0636 MHP, the proper course is to dismiss on

-1-

that ground by a superior or inferior court, pursuant to Case Law. [523 US 83; 549 US 422; 35 Cal.4th 180; 107 Cal.App. 288; 21 Howard 506]. And it's a ministerial, statutory duty, to do so, pursuant to Case Law, [99 Cal.App. 2d 523 n 8], that is owed to the Plaintiff. So wilfully deprive him of his guaranteed Constitutional and Statutory Right is a federal crime in violation of, [18 USC §242]. And by conspiring with the court under review to accomplish the same makes it a federal crime, in violation of, [18 USC §241].

Because any judgment or order rendered by a reviewing court lacking subject matter jurisdiction of the court in a cause under review is void on its face, makes all previous rulings by all courts a nullity. And therefore, this Honorable court has a ministerial, statutorial, and Constitutional DUTY to vacate the Alameda County Superior Court judgment forthwith, in Case No. H-12210-A, or be in violation of a conspiracy to murder an innocent citizen under the color of Law and Authority [Penal Code §182].

Required Relief.

To vacate the Alameda County judgment for lack of subject matter jurisdiction, and for fraud committed upon the court by falsely claiming that the subpoena was never served that NEVER EXISTED.

Verification

I declare under penalty of perjury that the foregoing is true and correct, including Case Law citings, pursuant to 28 USC §1746 on May 17, 2020.

Respectfully Submitted
Steven Wayne Bonilla

- 2 -

1  Steven Wayne Bonilla / Petitioner
2  J-48500, 3-EY-13, San Quentin, CA 94974
3
4
5
6
7  Steven Wayne Bonilla,     Case No.   Addendum
8    Plaintiff,              Challenging this Court's Ruling
9      vs                    —OBSTRUCTION OF JUSTICE—
10                           Know the Difference Between a
11                           Jurisdictional Challenge and a Habeas
12                           Corpus Petition on Appeal, So as not
13                           to lose Judicial Immunity By Ruling
14                           Without Subject Matter Jurisdiction.
15                           —Expedited Review Requested—
16
17                           Introduction
18  Challenging the Court's subject matter jurisdiction is an
19  independent, separate action from a habeas corpus appeal, even when
20  made directly, to the court that rendered the void judgment. It is not a habeas
21  corpus petition appealing the verdict, it is simply making a claim that the
22  court lacked authority, to hear or to make any decision on the issue that was
23  presented by the prosecution that committed fraud upon the court.
24                           Claim I
25  Extrinsic fraud, mistake, or a judgment void on its face of the
26  record are the ONLY CASES where an independent, collateral attack
27  may be made ANYWHERE, AT ANY TIME, AND IN ANY PLACE in an
28  independent, separate action, including seeking the same

-1-

relief, in the court that rendered the void judgment, pursuant to [85 Cal. App. 2d 476, 31 Cal. 342, 148 Cal. App. 2d 845, 246 Cal. 2d 334, 273 Cal. App. 2d 176, 14 Cal. 85, 62 Cal. App. 753, 95 F. Supp 962]. Once Challenged it must be proven [100 S. Ct 2502]. There is no descretion to ignore lack of jurisdiction [474 F. 2d 215, 219] Any judgment or order lacking subject matter jurisdiction is void on its face. A reviewing courts jurisdiction is limited to reversing the trial courts void acts [35 Cal. 04th 180]

## Claim II

A person cannot be precluded from raising the jurisdictional question for any reason [116 F. 2d 449, 453], nor can he be barred from doing so for any reason [49 US 495]. To do so is a deprivation of rights violation, [18 USC § 242].

## Claim III

Once Challenged, the court cannot proceed until the subject matter jurisdictional question has been proven on the record to exist [61 F.R.D. 22, 25, 100 S. Ct. 2502, 33 Cal. 505], But, in this case, the subject matter jurisdiction cannot be proven; because the federal grand jury subpoena for the Plaintiff's phone records, for (408) 446-3850, NEVER EXISTED. Thus, NONE of the fruit of a subpoena that NEVER EXISTED is admissible. NONE of the proffered evidence of a subpoena, that was never entered on the court docket, as an exhibit, is admissible per [Evidence Code Rule 403].

## Claim IV

With there being no subject matter admissible into evidence, according to the rules of court, there is no subject matter jurisdiction and the court must vacate the judgment, as mandated by [F.R. Civ.P. 12(h)(3), 60(b)(3)(4), California Code of Civil Procedure §1916, §1917,  505 F. 2d 1026],

## Claim V

The court may not rule without first determining that it has subject matter jurisdiction, [824 F. 3d 1161], especially when the courts subject matter jurisdiction is being challenged. There can be no

subject matter jurisdiction based on a federal grand jury subpoena that NEVER EXISTED. Which makes this court's prior decisions, were made without subject matter jurisdiction, for the willful deprivation of rights, 18 USC §242, makes it a federal crime for a government official to willfully deprive someone of their Constitutional or Statutory Rights; 18 USC §141 makes it a federal crime for a government official to conspire to accomplish the same. Which the judges and court clerks have accomplished by failing/refusing to perform their ministerial duty owed to the Plaintiff to declare the judgment void, as a matter of law [99 C, A2d 523 n 8].

### Claim VI

Where, as here, there is clearly no jurisdiction over subject matter, any authority exercised, as this court has done, is a USURPED AUTHORITY. And when the jurisdiction has been CHALLENGED, as here, NO EXCUSE IS PERMISSIBLE, per [80 US 335 n 6]. Wherefore, allowing this court's prior decision(s) to stand, is to deliberately and intentionally, aid in the prosecution's conspiracy. Who committed fraud upon the court by fraudulently claiming that the phone records were obtained by the FBI pursuant to a federal grand jury subpoena, that they knew NEVER EXISTED, (admitted under court order (C-02-636 mHp), in order to murder Steven Bonilla under the Color of Law and Authority. This court's prior decisions/rulings were made without subject matter jurisdiction, in a clear usurpatious manner to aid in the conspiracy to willfully deprive the Petitioner of his Constitutional Rights. If this is not true, then the court must perform its ministerial duty owed to the Plaintiff.

### Relief Sought

To declare the Alameda County judgment void in Case No. H-12210-A.

I declare under penalty of perjury that the foregoing is true and correct [28 USC §1746].

Dated: June 11, 2020                    Respectfully Submitted

                                        Steven Wayne Bonilla

-3-

**FW-001**   Request to Waive Court Fees

**CONFIDENTIAL**

*Clerk stamps date here when form is filed.*

If you are getting public benefits, are a low-income person, or do not have enough income to pay for your household's basic needs and your court fees, you may use this form to ask the court to waive your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:
- You cannot give the court proof of your eligibility,
- Your financial situation improves during this case, or
- You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

*Fill in court name and street address:*

**Superior Court of California, County of**

**(1) Your Information** *(person asking the court to waive the fees):*
Name: Steven Wayne Bonilla
Street or mailing address: J-48500
City: San Quentin   State: CA Zip: 94874
Phone: N/A

*Fill in case number and name:*

**Case Number:**

**Case Name:**

**(2) Your Job,** if you have one *(job title):*
Name of employer: _____
Employer's address: _____

**(3) Your Lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
_____

a. The lawyer has agreed to advance all or a portion of your fees or costs *(check one):*   Yes ☐   No ☐
b. *(If yes, your lawyer must sign here)* Lawyer's signature: _____
   *If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

**(4) What court's fees or costs are you asking to be waived?**
☒ Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
☐ Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees* (form APP-015/FW-015-INFO).)

**(5) Why are you asking the court to waive your court fees?**
a. ☐ I receive *(check all that apply; see form FW-001-INFO for definitions):* ☐ Food Stamps ☐ Supp. Sec. Inc.
   ☐ SSP ☐ Medi-Cal ☐ County Relief/Gen. Assist. ☐ IHSS ☐ CalWORKS or Tribal TANF ☐ CAPI
b. ☐ My gross monthly household income (before deductions for taxes) is less than the amount listed below. *(If you check 5b, you must fill out 7, 8, and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | |
|---|---|---|---|---|---|---|
| 1 | $1,301.05 | 3 | $2,221.88 | 5 | $3,142.71 | *If more than 6 people at home, add $460.42 for each extra person.* |
| 2 | $1,761.46 | 4 | $2,682.30 | 6 | $3,603.13 | |

c. ☒ I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to: *(check one and you **must** fill out page 2):*
   ☒ waive all court fees and costs   ☐ waive some of the court fees
   ☐ let me make payments over time

**(6)** ☐ Check here if you asked the court to waive your court fees for this case in the last six months.
   *(If your previous request is reasonably available, please attach it to this form and check here:)* ☐

**I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.**
Date: June 6 2020

STEVEN BONILLA
*Print your name here*

▶ Steven Bonilla
*Sign here*

Judicial Council of California, www.courts.ca.gov
Revised March 15, 2019, Mandatory Form
Government Code, § 68633
Cal. Rules of Court, rules 3.51, 8.26, and 8.818

**Request to Waive Court Fees**   FW-001, Page 1 of 2

**FW-003**

## Order on Court Fee Waiver
## (Superior Court)

*Clerk stamps date here when form is filed.*

**(1) Person who asked the court to waive court fees:**

Name: _Steven Wayne Bovulla_

Street or mailing address: _J-41500_

City: _San Quentin_   State: _CA_   Zip: _94974_

**(2) Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

_____

_____

_____

_____

_____

*Fill in court name and street address:*

Superior Court of California, County of

**(3)** A request to waive court fees was filed on *(date):* _____

☐ The court made a previous fee waiver order in this case on *(date):* _____

*Fill in case number and name:*

Case Number:

Case Name:

*Read this form carefully. All checked boxes* ☑ *are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:   ☐ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☐ The court **grants** your request, as follows:

    (1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

      • Filing papers in superior court          • Court fee for phone hearing
      • Making copies and certifying copies     • Giving notice and certificates
      • Sheriff's fee to give notice          • Sending papers to another court department
      • Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
      • Assessment for court investigations under Probate Code section 1513, 1826, or 1851
      • Preparing, certifying, copying, and sending the clerk's transcript on appeal
      • Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
      • Making a transcript or copy of an official electronic recording under rule 8.835

    (2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

      ☐ Jury fees and expenses         ☐ Fees for a peace officer to testify in court
      ☐ Fees for court-appointed experts    ☐ Court-appointed interpreter fees for a witness
      ☐ Other *(specify):* _____

Judicial Council of California, *www.courts.ca.gov*
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

FW-003, Page 1 of 3

Your name: _____ *Bonilla* _____

Case Number:
[                    ]

```
 ┌────────┐
 │Hearing │→ Date: _____   Time: _____
 │ Date   │
 └────────┘   Dept.: _____   Room: _____
```

Name and address of court if different from above:

_____

_____

_____

_____

> **Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: _____                    _____

*Signature of (check one):*   ☐ *Judicial Officer*   ☐ *Clerk, Deputy*

## Request for Accommodations

 Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____, California, on the date below.

☐ A certificate of mailing is attached.

Date: _____

Clerk, by _____, Deputy

Name: _____

**This is a Court Order.**

Steven Wayne Bonilla / Petitioner
J-48500, 3-EY-13, San Quentin CA 94974

Superior Court of California
County of Nevada

Steven Wayne Bonilla,          Case No.
        Plaintiff,

        vs                     Attacking and Challenging the
Nevada County                  Vexatious Litigant claim
Superior Court
        Defendant              — Expedited Review Requested—

Introduction

The Court has falsely and erroneously claimed that the Plaintiff, Steven Wayne Bonilla, to be a vexatious litigant to ignore being attacked for lack of jurisdiction of subject matter and of person!

Claim I

The Court held in Williamson v Berry, [49 US 495] that the jurisdiction of any court exercising authority over a subject may be inquired into in every other court, when the proceedings in the former are relied upon and brought before the later by a party claiming the benefit of such proceeding.

The principle that a record cannot be impeached by

— 1 —

1. pleading is not applicable when there is a want of jurisdiction.
2. The want of jurisdiction is a matter that may be set up
3. against a judgment when it is to be enforced or when
4. any benefit is claimed under it.
5.     The operation of every judgment depends upon the
6. jurisdiction of the court to render it and whenever the
7. right to property / a person's life, is claimed to have been
8. changed under a judgment or decree by a court, and it is set
9. up as a defense in another court, such as a defense
10. claiming the Plaintiff to be a vexatious litigant, the jurisdiction
11. of the former court may be inquired into.
12.     The rule is that where a limited tribunal takes upon
13. itself to exercise a jurisdiction which does not belong to
14. it, its decision AMOUNTS TO NOTHING, AND DOES NOT CREATE
15. A NECESSITY FOR AN APPEAL.
16.                 Claim II
17.     The federal grand jury subpoena for the Plaintiff's phone records,
18. for (408) 446-3850), from which all of the evidence in the case is the
19. fruit, thereof, was never entered on the court docket as an
20. exhibit. Thus, pursuant to rule 403 of the Evidence Code,
21. NONE of the proffered evidence of the subpoena is
22. admissible, leaving there to be no subject matter.
23.                 Claim III
24.     The FBI admitted, under a federal court order, (C-02-0636 MHP), that
25. the federal grand jury SUBPOENA WAS NEVER SERVED NOR DID IT
26. EVER EXIST. An admitted fact that shows that the prosecution
27. committed fraud upon the court, for the trial court to
28. acquire jurisdiction of subject matter and of person, whereby

-2-

1  this fact showing a lack of jurisdiction being brought to the
2  attention of the court/judge, it became the duty of the court
3  to declare the Alameda County Superior Court judgment void,
4  in Case No. H-12210-A, as mandated by Law and the Court's
5  holdings in [99 Cal. App. 2d 523 n 8].

Claim IV

7  The Alameda County Superior Court, in collusion with the
8  prosecution, in Case No. H-12210-A, took upon itself to exercise a
9  jurisdiction which did not belong to it, when it issued an arrest
10  warrant for the Plaintiff and proceeded to rendered a judgment
11  against him, Wherefore, it's decisions AMOUNTS TO NOTHING AND
12  DOES NOT CREATE A NECESSITY FOR AN APPEAL.
13  After taking on a jurisdiction which did not belong to them,
14  the trial Court judges refused/failed to answer/respond to
15  the jurisdictional question presented to them repeatedly, in
16  collusion with the conspiracy to murder the Plaintiff under the
17  Color of Law and Authority. WHO IS INNOCENT OF ALL CHARGES.

Conclusion

19  The defense/the Court, cannot claim the Plaintiff to be a
20  vexatious litigant, when all previous cases lack jurisdiction of
21  subject matter and of person, with there being NO SUBPOENA.

Relief Sought

23  To declare the Alameda County judgment void for lack of subject
24  matter jurisdiction and for fraud committed upon the court, (NO SUBPOENA).

Verification

26  I declare under penalty of perjury that the foregoing is true and correct.
27  Dated: June 9, 2020              Respectfully Submitted
28                                  Steven Wayne Bonilla

- 3 -